IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT
CIVIL DIVISION V

FILED
FT SMITH DIST.

2010 APR 6 AM 10 24

CIR CLERK SEB. CO.

TRIBUILT CONSTRUCTION GROUP, LLC                    **PLAINTIFF**

v.                    Case No. CV-2010-540(V)

INTERNATIONAL FIDELITY INSURANCE COMPANY            **DEFENDANT**

### ANSWER

Comes now defendant, International Fidelity Insurance Company (IFIC), and for its Answer to the plaintiff's Complaint states:

1.  IFIC neither admits or denies the averments in Complaint paragraph one, however, this action encompasses more issues than those asserted by plaintiff.

2.  IFIC admits the averments in Complaint paragraph two.

3.  With respect to the averments in Complaint paragraph three IFIC admits plaintiff (TriBuilt) agreed to construct a hotel in Conway, Arkansas and that NISHA, LLC was the named obligee on the Performance and Payment bonds executed by TriBuilt, as principal, and IFIC, as surety. IFIC also admits that TriBuilt may be described as a general contractor. All remaining averments in Complaint paragraph three are denied.

4.  IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the averments in Complaint paragraph four. Said averments are denied.

5.  IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the first and second sentences of Complaint paragraph five. Said averments are

EXHIBIT B TO
NOTICE OF REMOVAL

denied. IFIC admits it has received claims from TriBuilt's subcontractors. All remaining paragraph five averments are denied.

6. IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the averments in Complaint paragraph six. Said averments are denied.

7. IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the averments in Complaint paragraph seven. Said averments are denied.

8. The averments in Complaint paragraph eight are denied except as respects tort cases.

9. IFIC denies the averments in Complaint paragraph nine except as respects tort cases. IFIC further avers this paragraph is argument, irrelevant and should be stricken.

10. IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the averments in Complaint paragraph ten. Said averments are denied; and IFIC avers these averments are merely argument, irrelevant and should be stricken.

11. IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the averments in Complaint paragraph eleven. Said averments are denied.

12. IFIC admits the averments in the first sentence of Complaint paragraph twelve. IFIC neither admits or denies the averments in the second sentence of Complaint paragraph twelve.

13. IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the averments in Complaint paragraph thirteen. Said averments are denied.

14. IFIC is without sufficient information to form a reasonable belief as to the truth or untruth of the averments in the first sentence of Complaint paragraph fourteen. Said

averments are denied. IFIC admits receipt of the Complaint Exhibit B letter as averred in the second sentence of Complaint paragraph fourteen.

15. IFIC admits the averments in the first and second sentences of Complaint paragraph fifteen. IFIC denies TriBuilt's characterization of the Exhibit C communications as contained in the remainder of Complaint paragraph fifteen.

16. IFIC admits there is a dispute between it and TriBuilt. IFIC denies the remainder of the averments in Complaint paragraph sixteen.

17. IFIC denies the averments in Complaint paragraph seventeen.

18. All Complaint averments not specifically admitted herein are denied.

19. The Complaint fails to include as an exhibit the written contract, if any, between TriBuilt and its counsel concerning the alleged contingency fee and, therefore, the Complaint should be dismissed or stricken because: (a) Rule 10(d), ARCP, mandates the attachment, as exhibits, of written instruments or documents upon which a claim is based; (b) contingency fee agreements between attorneys and clients must be in writing per Rule 1.5(c), Arkansas Rules of Professional Conduct; and (c) the Arkansas Declaratory Judgment Act, A.C.A. § 16-111-101 et seq., upon which plaintiff relies requires the Court to review and construe all relevant writings. See A.C.A. § 16-111-104.

20. Pleading affirmatively, IFIC avers the defenses of waiver, estoppel, prior material breach of contract, set-off, breach of express trust and all other relevant defenses specified in Rule 8(c), ARCP.

**WHEREFORE**, having fully answered, International Fidelity Insurance Company prays the Court dismiss the Complaint or strike it and for all other appropriate relief.

Respectfully Submitted,

*Jack East*

JACK EAST III
2725 Cantrell Road, Suite 202
Little Rock, AR 72202
(501) 372-3278
Bar ID No. 75-036

## Certificate of Service

I, Jack East III, Attorney at Law, do hereby certify that a true and correct copy of the foregoing has been served upon the following by U.S. Mail, postage prepaid this 5 day of April, 2010:

C. Brian Meadors, Attorney at Law
315 North 7th Street
P.O. Drawer 848
Fort Smith, AR 72902-0848,

Cody Thompson, Attorney at Law
P.O. Box10990
Fort Smith, AR 72917

*Jack East*

JACK EAST III