UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| **TRIBUILT CONSTRUCTION GROUP, LLC** | **PLAINTIFF** |
| v.   Case No. 10-2052 | |
| **INTERNATIONAL FIDELITY INSURANCE COMPANY** | **DEFENDANT and COUNTERCLAIMANT** |
| **INTERNATIONAL FIDELITY INSURANCE COMPANY** | **THIRD PARTY PLAINTIFF** |
| v. | |
| **ALAN M HARRISON, GAYE P. HARRISON, JOSEPH E. MARRONE, STACY M. MARRONE, and SOUTHLAND ENTERPRISES, LLC** | **THIRD PARTY DEFENDANTS** |

## THIRD PARTY COMPLAINT

Comes now Third Party Plaintiff, International Fidelity Insurance Company (IFIC), and for its Third Party Complaint against Alan M. Harrison, Gaye P. Harrison, Joseph E. Marrone, Stacy M. Marrone and Southland Enterprises, LLC (hereinafter collectively referred to as "Indemnitors") states:

1. IFIC is a corporation organized under the laws of New Jersey. Its principal office is located in Newark, New Jersey. IFIC is authorized to do business in Arkansas as a foreign surety insurer.

2. Defendants Alan M. Harrison and Gaye P. Harrison are adult residents of Sebastian County, Arkansas. Defendants Joseph E. Marrone and Stacy M. Marrone are adult residents of Crawford County, Arkansas. Southland Enterprises, LLC is an Arkansas limited

liability company. Its principal office is located in Sebastian County, Arkansas. Its registered agent for service of process is Alex Bryant, 1914 Edwards Rd., Alma, AR 72921.

3. The Court has jurisdiction of the subject matter because there is complete diversity of citizenship between Third Party Plaintiff and all other parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4. The Court has jurisdiction of the parties under the authority of 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Venue is proper because Third Party Defendants reside, or have their principal offices, in this district.

5. In 2008 TriBuilt Construction Group, LLC (TriBuilt), a construction contracting firm headquartered in Sebastian County, Arkansas, applied to IFIC for a construction bond line of credit.

6. As a condition to the establishment of the construction bond line of credit for TriBuilt IFIC required, and TriBuilt and Third Party Defendants - who are TriBuilt's owners and an affiliate - signed and furnished, the Agreement of Indemnity (GAI Form I) attached as Exhibit A to the TriBuilt Complaint in this action. (The Complaint Exhibit A Agreement of Indemnity hereinafter shall be referred to as the GAI.)

7. Under the GAI TriBuilt and its owners and affiliate made the following promises to IFIC before, and in consideration of, IFIC's agreement to execute construction bonds as surety for TriBuilt:

**INDEMNITY**
SECOND: **The Contractor and Indemnitors shall exonerate,**

**indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and the cost of services rendered by counsel, investigators, accountants, engineers or other consultants, whether consisting of in-house personnel or third party providers) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. The Contractor and Indemnitors shall deposit with the Surety on demand an amount of money or other collateral security acceptable to the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore, equivalent to such amount that the Surety, in its sole judgment, shall deem sufficient to protect it from loss.** The Surety shall have the right to use the deposit, or any portion thereof, in payment or settlement of any liability, loss, or expense for which the Contractor and Indemnitors would be obligated to indemnify the Surety under the provisions of this Agreement. If for any reason the Surety deems it necessary to increase its reserve to cover any possible additional liability or loss, the Contractor and Indemnitors shall deposit with the Surety, immediately upon the Surety's demand, an additional amount of collateral security equal to such increase. The Surety shall have no obligation to invest or to provide a return on any such deposits.

. . .

## TRUST FUND

FOURTH: **The Contractor, the Indemnitors hereby consenting, agrees that all monies due or to become due under any contract or contracts covered by the Bonds are trust funds, whether in the possession of the Contractor or otherwise, for the benefit of persons performing labor or providing materials for projects covered by the Bonds and for payment of all obligations in connection with any such contract or contracts for which the Surety would be liable under any said Bond, which trust funds also inure to the benefit of the Surety for liability or loss it may have or may sustain under any said Bond, and further agrees to use such money for the purpose of performing the contract and discharging**

**the obligations of the Bond and for no other purpose until the Bond is completely exonerated. If the Surety discharges any such obligation, it shall be entitled to assert the claim of such person to the trust funds.**

. . .

(Emphasis Added.)

8. In reliance upon the GAI IFIC agreed to execute, and did execute, construction performance and payment bonds as surety for TriBuilt, as principal, in connection with eight work orders issued by NISHA, LLC (NISHA), as obligee, for the phased construction of a Country Inn and Suites in Faulkner County, Arkansas. True copies of these bonds are attached hereto as Exhibit 1.

9. TriBuilt has substantially, if not fully, completed the construction work required by all eight work orders. NISHA has begun using the facility constructed by TriBuilt for its intended purpose.

10. TriBuilt failed to pay certain of its subcontractors and suppliers for their labor and materials furnished to the Country Inn and Suites construction project (Project) bonded in phases by IFIC.

11. One of TriBuilt's unpaid Project subcontractors was Robert Bailey Electric, Inc. (Bailey). Bailey subsequently made demand upon IFIC, as payment bond surety, to pay Bailey the sum of $116,241.00 for its Project related labor and materials.

12. IFIC has paid Bailey for its Project labor and materials by wire transfer on April 14, 2010. In exchange Bailey release IFIC from further liability as reflected by Exhibit 2 attached.

13. Under the terms of the GAI IFIC is entitled to recover the amount paid to Bailey together with costs and a reasonable attorney fee from Alan M. Harrison, Gaye P. Harrison, Joseph E. Marrone, Stacy M. Marrone and Southland Enterprises, LLC.

**WHEREFORE**, International Fidelity Insurance Company prays the Court enter judgment in its favor in the sum of $116,241.00 against Third Party Defendants Alan M. Harrison, Gaye P. Harrison, Joseph E. Marrone, Stacy M. Marrone, and Southland Enterprises, LLC, jointly and severally, together with interest as allowed by law, the costs of this action, including a reasonable attorney fee, and all other appropriate relief.

Respectfully Submitted,

---

Jack East III
2725 Cantrell Road, Suite 202
Little Rock, AR  72202
(501) 372-3278
jeastiii@windstream.net
Bar ID No. 75-036

### Certificate of Service

I hereby certify that on May 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Rex M. Terry, Esq. - terry@hardinlaw.com

---