IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**TRIBUILT CONSTRUCTION GROUP, LLC**                                    **PLAINTIFF**

V.                                    CASE NO. 10-CV-02052

**INTERNATIONAL FIDELITY
INSURANCE COMPANY**                                                    **DEFENDANT**

## JOINT RULE 26(f) REPORT

Come the Plaintiff and Defendant, acting by and through their respective counsel of record, and jointly report to the Court their conference pursuant to Rule 26, Fed. R. Civ. P., and provide the following plan upon which the parties have agreed:

1. The parties suggest no changes in the timing, form or requirements of mandatory disclosures pursuant to Rule 26(a).

2. Initial disclosures shall be due by May 28, 2010.

3. The parties may engage in discovery regarding the issues raised in the complaint. The parties may use expert witnesses. Defendant specifically reserves the right to conduct discovery on all relevant topics, including: the complete copy of the prime contract and any written change orders between Plaintiff and NISHA; complete executed copies of the bonds at issue in this matter; all outstanding unpaid bills on the project; attorney's fee contract, and evidence of attorney's fees paid to Plaintiff's counsel to date. In addition, the Defendant desires to take the depositions of the principals of the Plaintiff. Plaintiff's counsel may need the deposition of one or more witnesses, should the Plaintiff's anticipated motion for summary judgment not be granted. The parties suggest that the deadline for discovery with respect to the

issues raised in the complaint should be June 30, 2010. The deadline for discovery for any issues that may be raised by counterclaim or third party pleadings should be January 31, 2011.

4. The parties are not aware of the need to disclose or produce information from electronic or computer based media.

5. The parties suggest no changes in the limitations imposed by the Federal Rules of Civil Procedure.

6. The parties are presently not aware of the need for a protective order. However, should discovery of privileged materials be sought, the parties agree that either party can request a protective order, in which event the parties will cooperate in presenting a approved proposed protective order for consideration by the Court.

7. There are no objections by either party to initial disclosures on the ground that mandatory disclosures are inappropriate under the circumstances of this action.

8. In the Court's initial scheduling order, the Court set this matter for trial the week of April 4, 2011. Plaintiff respectfully objects to the proposed trial date. This matter is particularly time-sensitive, as it involves the resolution of how the division of recovered monies shall be made between the parties and their counsel. Those (anticipated) recovered monies are the subject of pending litigation in another case in state court. The issue here is whether Plaintiff's attorneys in that state court case can handle that matter on a contingency basis without fear of having personally to disgorge fees if the amount recovered is less than the amount owed to the Defendant. The other case is ongoing. It is anticipated that the portion submitted to arbitration shall be completed by September 2010; the portion pending in state court is set for trial in October 2010. Thus, Plaintiff's declaratory judgment action in this matter needs to be resolved in the near future. To expedite this matter, the parties anticipate submission of cross-motions for summary judgment or partial summary judgment, regarding the issues raised in the

complaint. The parties believe a trial on the merits will not be necessary after submission of the motions. If a trial is necessary on the complaint issues, the parties believe it can be conducted in no more than one-half day. The parties therefore respectfully request that the trial regarding the matters raised in the complaint be advanced on the Court's docket. However, should either part amend to join additional parties or to raise issues outside those raised in the complaint herein, then the parties agree that the trial date established by the Court in the initial scheduling order is appropriate. The parties recognize the Defendant may be filing a counterclaim, and the Plaintiff anticipates no objection, and may be able to consent to a judgment for an appropriate claim. The Plaintiff is agreeable to severance of its complaint and any counterclaim brought by the Defendant.

9. The parties propose a deadline for joining other parties and amending the pleadings of November 30, 2010.

10. As previously indicated, the parties propose June 30, 2010, as the deadline for completing discovery on all issues raised by the complaint. The parties propose a deadline of January 31, 2011, for discovery on all issues that may be raised by any counterclaim to be filed by the Defendant, or with respect to the joinder of additional parties.

11. The parties propose July 31, 2010, as the deadline for filing motions regarding all issues raised by the complaint, including motions for summary judgment or partial summary judgment. With respect to issues that may be raised by a counterclaim or the joinder of additional parties, the parties propose January 31, 2011, as the deadline for filing dispositive motions.

Respectfully submitted,

/s/ Rex M. Terry
Rex M. Terry
Arkansas Bar No. 76128
HARDIN, JESSON & TERRY, PLC
Attorneys at Law
5000 Rogers Avenue, Suite 500
P. O. Box 10127
Fort Smith, AR 72917-0127
479-452-2200 - Phone
479-452-9097 - Fax
terry@hardinlaw.com

*Attorneys for Plaintiff*

/s/ Jack East, III
Jack East, III
Arkansas Bar No. 75-036
2725 Cantrell Road, Suite 202
Little Rock, AR 72202
501-372-3278 – Phone
jeastiii@alltel.net

*Attorney for Defendant*

4