UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**TRIBUILT CONSTRUCTION GROUP, LLC**                                **PLAINTIFF**

v.                                    **Case No. 10-2052**

**INTERNATIONAL FIDELITY INSURANCE COMPANY**            **DEFENDANT**

## COUNTERCLAIM

Comes now Counterclaimant, International Fidelity Insurance Company (IFIC), and for its claims against Counterdefendant, TriBuilt Construction Group, L.L.C. (TriBuilt), states:

1. IFIC is a corporation organized under the laws of New Jersey. Its principal office is located in Newark, New Jersey. IFIC is authorized to do business in Arkansas as a foreign surety insurer.

2. TriBuilt is a limited liability company organized under the laws of Arkansas. Its principal office is located in Sebastian County, Arkansas.

3. The amount in controversy exceeds $75,000.00 exclusive of interest and costs. There is complete diversity of citizenship between IFIC and TriBuilt.

4. The Court has jurisdiction of subject matter and parties.

5. In 2008, TriBuilt applied to IFIC for a construction bond line of credit.

6. As a condition to the establishment of the construction line of credit for TriBuilt,

IFIC required, and TriBuilt's owners and affiliate signed and furnished, the Agreement of Indemnity (GAI Form I) attached as Exhibit A to the Complaint. (The Complaint Exhibit A Agreement of Indemnity hereinafter shall be referred to as the GAI.)

7.     Under the GAI, TriBuilt and its owners and affiliate made the following promises to IFIC before, and in consideration of, IFIC's agreement to execute construction bonds as surety for TriBuilt:

**INDEMNITY**

**SECOND:  The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and the cost of services rendered by counsel, investigators, accountants, engineers or other consultants, whether consisting of in-house personnel or third party providers) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.  The Contractor and Indemnitors shall deposit with the Surety on demand an amount of money or other collateral security acceptable to the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore, equivalent to such amount that the Surety, in its sole judgment, shall deem sufficient to protect it from loss.**  The Surety shall have the right to use the deposit, or any portion thereof, in payment or settlement of any liability, loss, or expense for which the Contractor and Indemnitors would be obligated to indemnify the Surety under the provisions of this Agreement.  If for any reason the Surety deems it necessary to increase its reserve to cover any possible additional liability or loss, the Contractor and Indemnitors shall deposit with the Surety, immediately upon the Surety's demand, an additional amount of collateral security equal to such increase. The Surety shall have no obligation to invest or to provide a return on any such deposits.

. . .

## TRUST FUND

**FOURTH: The Contractor, the Indemnitors hereby consenting, agrees that all monies due or to become due under any contract or contracts covered by the Bonds are trust funds, whether in the possession of the Contractor or otherwise, for the benefit of persons performing labor or providing materials for projects covered by the Bonds and for payment of all obligations in connection with any such contract or contracts for which the Surety would be liable under any said Bond, which trust funds also inure to the benefit of the Surety for liability or loss it may have or may sustain under any said Bond, and further agrees to use such money for the purpose of performing the contract and discharging the obligations of the Bond and for no other purpose until the Bond is completely exonerated. If the Surety discharges any such obligation, it shall be entitled to assert the claim of such person to the trust funds.**

. . .

(Emphasis Added.)

8. In partial reliance upon the GAI, IFIC agreed to execute, and did execute, construction performance and payment bonds as surety for TriBuilt, as principal, in connection with eight work orders issued by NISHA, LLC (NISHA), as obligee, for the phased construction of a Country Inn and Suites in Faulkner County, Arkansas. True copies of these bonds are attached hereto as Exhibit 1.

9. TriBuilt has substantially, if not fully, completed the construction work required by all eight work orders. NISHA has begun using the facility constructed by TriBuilt for its intended purpose.

10. TriBuilt failed to pay certain of its subcontractors and suppliers for their labor and materials furnished to the Country Inn and Suites construction project (Project) bonded

in phases by IFIC.

11. One of TriBuilt's unpaid Project subcontractors was Robert Bailey Electric, Inc. (Bailey). Bailey subsequently made demand upon IFIC, as payment bond surety, to pay Bailey the sum of $116,241.00 for its Project related labor and materials.

12. IFIC has paid Bailey for its Project labor and materials by wire transfer on April 14, 2010. In exchange, Bailey released IFIC from further liability as reflected by Exhibit 2 attached.

13. IFIC is entitled to have and recover the sum of $116,241.00 from TriBuilt under principles of equitable subrogation and under the terms of the GAI. IFIC also anticipates potential liability to other subcontractors of TriBuilt in an amount exceeding $500,000.00.

**WHEREFORE**, International Fidelity Insurance Company prays the Court enter judgment against TriBuilt Construction Group, LLC in the sum of $116,241.00 together with interest as provided by law, all costs, including a reasonable attorney fee and all other appropriate relief.

Respectfully Submitted,

*Jack East*

Jack East III
2725 Cantrell Road, Suite 202
Little Rock, AR  72202
(501) 372-3278
jeastiii@windstream.net
Bar ID No. 75-036

## Certificate of Service

I hereby certify that on May 16, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Rex M. Terry, Esq. - terry@hardinlaw.com

_____
Jack East III