

**International Fidelity**

*INSURANCE COMPANY*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:          Bond Number    LRIFSU 0361508

That  TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 , as Principal, hereinafter called Contractor, and   International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076 , as Obligee, hereinafter called Owner, in the amount of  One Hundred Ten Thousand and 00/100————Dollars ($ 110,000.00   ), for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

        WHEREAS, Contractor has by written agreement dated August 8, 2008 and Addendum dated October 15, 2008  entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #1, Site work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot  in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903  which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

        NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

        The Surety hereby waives notice of any alteration or extension of time made by the Owner.

        Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

        (1)  Complete the Contract in accordance with its terms and conditions, or

        (2)  Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

        Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

        No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this 20th  day of October, 2008.

COPY

                                                                                                                          (Seal)

_____                By: _____TriBuilt Construction Group, LLC
            (WITNESS)

                                                                    _____
                                                                    Alan Harrison,          Managing Member(Title)

                                                                    International Fidelity Insurance Company
_____                By: _____
            (WITNESS)                                            Becky Tipton,          Attorney-In-Fact

*Exhibit 1 to Third Party Complaint*

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON**

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3 of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and;

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY,
County of Essex

Vice President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON FILE IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 20th day of October 2008.

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number  LRIFSU0361508

## LABOR & MATERIAL PAYMENT BOND

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal,
hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center,
Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA,
LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee,
hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of One
Hundred Ten Thousand and 00/100--------Dollars ($110,000.00 ), for the payment whereof Principal
and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and
severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated  August 8, 2008 and Addendum dated October
15, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR
72032, Work Order #1, site work, Built and Compact Pad, MEP and Fire Suppression Rough In,
Stake Parking Lot in accordance with drawings and specifications prepared byHumiston Garrett Stubbs,
PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a
part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly
made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required
for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in
full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material
or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part
of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined,
who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's
work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such
claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The
Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the
following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last
of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the
amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or
performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope
addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or
served in any manner in which legal process may be served in the state in which the aforesaid project is located save that such service
need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood,
however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall
be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the
Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is
situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive
of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the
amount of such lien by presented under and against this bond.

Signed and sealed this  20th  day of October , 2008 .

_____
(WITNESS)

_____
(WITNESS)

By: _____ TriBuilt Construction Group, LLC                    (Seal)

_____    _____
Alan Harrison,            Managing Member(Title)

International Fidelity Insurance Company

By: _____

Becky Tipton,            Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this    20th   day of   October   2008

Maria H. Franco

Assistant Secretary

**International Fidelity**

*INSURANCE COMPANY*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:

Bond Number    **LRIFSU 0361509**

That  TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 , as Principal, hereinafter called Contractor, and  International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto  NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076 , as Obligee, hereinafter called Owner, in the amount of  Four Hundred Forty Five Thousand and 00/100----------- Dollars ($ 445,000.00    ), for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated  August 8, 2008 and Addendum dated October 15, 2008  entered into a contract with Owner for  Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #2, Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot  in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903  which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this  20th  day of  October, 2008.

_____
(WITNESS)

By: ____  **TriBuilt Construction Group, LLC**        (Seal)

_____
Alan Harrison,            Managing Member(Title)

**International Fidelity Insurance Company**

By: _____
Becky Tipton,            Attorney-In-Fact

_____
(WITNESS)

Tel (972) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY E. CLARK, BECKY TIPTON**

**Fort Smith, AR.**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and in its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

**IN TESTIMONY WHEREOF,** INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice President

STATE OF NEW JERSEY
County of Essex

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY, that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this    20th day of    October    2008

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number: LR1FSU 0361509

# LABOR & MATERIAL PAYMENT BOND

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

**KNOW ALL MEN BY THESE PRESENTS:**

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207, as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Four Hundred Forty Five Thousand and 00/100----------Dollars ($445,000.00), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated October 15, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #2, Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly make payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 20th day of October, 2008.

_____
(WITNESS)

_____
(WITNESS)

By: _TriBuilt Construction Group, LLC_     (Seal)

_____
Alan Harrison,     Managing Member(Title)

_International Fidelity Insurance Company_

By: _____
Becky Tipton,     Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this     20th day of     October     2008

Assistant Secretary

# International Fidelity
## INSURANCE COMPANY

**IFIC**
*Suretyship*
*since 1904*

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:                           Bond Number    **LRIFSU 0361511**

That  **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917** , as Principal, hereinafter called Contractor, and   **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207** , as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076** , as Obligee, hereinafter called Owner, in the amount of  **Five Hundred Thousand and 00/100————Dollars (\$ 500,000.00   )**, for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #3, Framing through 4th Floor and Delivery of Materials including Trusses, Dimensional Lumber, Decking, Sheathing, Tyvek, Shear Wall Materials** in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by Surety and the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this **25th** day of **November, 2008.**

COPY

————————————————
(WITNESS)

By:_____**TriBuilt Construction Group, LLC**                    (Seal)

Alan Harrison,                          Managing Member(Title)

*Angela Reeves*
(WITNESS)

**International Fidelity Insurance Company**

By:_____
Becky Tipton,              Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   25th   day of   November   2008

Assistant Secretary


**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0361511

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207, as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Five Hundred Thousand and 00/100 - - - - - - - - Dollars ($500,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #3, Framing through 4th Floor and Delivery of Materials including Trusses, Dimensional Lumber, Decking, Sheathing, Tyvek, Shear Wall Materials in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.
2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.
3. No suit or action shall be commenced hereunder by any claimant:
a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made as a public officer.
b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.
c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.
4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this 25th day of November, 2008.

_____(WITNESS)

By: TriBuilt Construction Group, LLC   (Seal)
Alan Harrison,   Managing Member(Title)

_____(WITNESS)

International Fidelity Insurance Company
By: Becky Tipton,   Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   25th   day of   November   2008

Assistant Secretary

**IFIC**
*Suretyship
since 1904*

# International Fidelity
## INSURANCE COMPANY

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:                Bond Number   **LRIFSU 0493439**

That  **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917** , as Principal, hereinafter called Contractor, and  **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207** , as Surety, hereinafter called Surety, are held and firmly bound unto **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076** , as Obligee, hereinafter called Owner, in the amount of  **Five Hundred Thousand and 00/100----------Dollars (\$ 500,000.00    ),** for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #4, Roof Truss Installation, Roof Decking, Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of EIFS Installed, MEP and Fire Suppression Rough In for 4th Floor, Phone, Data and CCTV Rough on 4th Floor,** in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this **29th** day of **January, 2009.**

_____
(WITNESS)

By:  ___**TriBuilt Construction Group, LLC**___          (Seal)

_____
Alan Harrison,                Managing Member(Title)

_____
(WITNESS)

**International Fidelity Insurance Company**

By: _____
Becky Tipton,            Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

**KNOW ALL MEN BY THESE PRESENTS:** That **INTERNATIONAL FIDELITY INSURANCE COMPANY**, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HITLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, **INTERNATIONAL FIDELITY INSURANCE COMPANY** has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August, 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he/she is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this ___29th___ day of ___January___, 2009

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number  LRIFSU 0493439

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Five Hundred Thousand and 00/100————————Dollars ($500,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #4, Roof Truss Installation, Roof Decking, Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of EIFS Installed, MEP and Fire Suppression Rough In for 4th Floor, Phone, Data and CCTV Rough on 4th Floor, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made; starting, with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this 29th day of January , 2009 .

_____
(WITNESS)

By: _____  (Seal)
TriBuilt Construction Group, LLC

Alan Harrison,              Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company

By: _____

Becky Tipton,        Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
### HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
### NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS:  That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the    INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this  29th   day of   January   2009

Assistant Secretary

ς

**International Fidelity**
*INSURANCE COMPANY*

IFIC
*Suretyship since 1904*

## PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:
              **Bond Number   LRIFSU 0493443**

That  TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 , as Principal, hereinafter called Contractor, and  International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harden Drive, Jacksonville, AR 72076 , as Obligee, hereinafter called Owner, in the amount of  Six Hundred SixtyThousand and 00/100————Dollars ($ 660,000.00  ),  for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

    WHEREAS, Contractor has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #5, Metal Roof Installation, (Fourth Floor - Insulation, Sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware, MEP and Fire Suppression Rough In and Set out), PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed. (Third Floor – MEP and Fire Suppression Rough In and Set out, Insulation, Sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware), and Data, Cable and CCTV for 3rd and 4th Floors, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

    NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

    The Surety hereby waives notice of any alteration or extension of time made by the Owner.

    Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

    (1) Complete the Contract in accordance with its terms and conditions, or

    (2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

    Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

    No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this 13th day of March, 2009.

_____
(WITNESS)

By: _____ **TriBuilt Construction Group, LLC**
                                 (Seal)

    Alan Harrison,               Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company
By: _____
Becky Tipton,           Attorney-In-Fact



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0493443

# LABOR & MATERIAL PAYMENT BOND
**THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT**

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal, hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u>, as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u>, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of <u>Six Hundred Sixty Thousand and 00/100————Dollars ($660,000.00 )</u>, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #5, Metal Roof Installation, (Fourth Floor – Insulation, Sheetrock, Gypcrete, Paint, Tile Door Frames and Hardware, MEP and Fire Suppression Rough In and Set out), PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed, (Third Floor – Insulation, Sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware), Data, Cable and CCTV for 3rd and 4th Floors,</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this <u>13th</u> day of <u>March</u>, <u>2009</u>.

_____
(WITNESS)

By: _____ **TriBuilt Construction Group, LLC**   (Seal)

_____
Alan Harrison,        Managing Member(Title)

_____
(WITNESS)

**International Fidelity Insurance Company**

By: _____
Becky Tipton,          Attorney-In-Fact



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0493443

# LABOR & MATERIAL PAYMENT BOND

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207, as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Six Hundred Sixty Thousand and 00/100—————Dollars ($660,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #5, Metal Roof Installation, (Fourth Floor – Insulation, Sheetrock, Gypcrete, Paint, Tile Door Frames and Hardware, MEP and Fire Suppression Rough In and Set out), PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed, (Third Floor – Insulation, sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware), Data, Cable and CCTV for 3rd and 4th Floors, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 13th day of March , 2009 .

_____
(WITNESS)

By: _____  TriBuilt Construction Group, LLC      (Seal)

_____
Alan Harrison,          Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company

By: _____

Becky Tipton,          Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this    13th day of    March    2009

Assistant Secretary

**International Fidelity**

**INSURANCE COMPANY**

IFIC
Suretyship
since 1904

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:

**Bond Number    LRIFSU 0493444**

That  TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 , as Principal, hereinafter called Contractor, and  International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076 , as Obligee, hereinafter called Owner, in the amount of  Six Hundred Thousand and 00/100——————Dollars (\$ 600,000.00    ), for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #6, Complete Pool and EIFS Exterior, (Second Floor - MEP and Fire Suppression Rough In and Set out, Insulation, Sheetrock, Gyperete, Paint, Tile, Door Frames and Hardware), Exterior Lighting, Complete Sidewalks, MEP and Fire Suppression Rough In. in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this  20th  day of  April, 2009.

_____
(WITNESS)

By:_____TriBuilt Construction Group, LLC

(Seal)

Alan Harrison,                Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company

By:_____
Becky Tipton,          Attorney-In-Fact

 **International Fidelity**
INSURANCE COMPANY

Bond number LRIFSI1 0493444

## LABOR & MATERIAL PAYMENT BOND

THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 10021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Six Hundred Thousand and 00/100 -------Dollars ($600,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #6, Complete Pool and EIFS Exterior, (Second Floor – MEP and Fire Suppression Rough In and Set out, Insulation, Sheetrock, Gyncrete, Paint, Tile, Door Frames and Hardware), Exterior Lighting, Complete Sidewalks, MEP and Fire Suppression Rough In, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this 20th, day of April , 2009 .

_____
(WITNESS)

By: _____ TriBuilt Construction Group, LLC          (Seal)

_____
Alan Harrison,          Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company
By: _____
Becky Tipton          Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this     20th   day of     April     2009

Assistant Secretary

**IFIC**
*Suretyship since 1904*

# International Fidelity
## INSURANCE COMPANY

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:          Bond Number   <u>LRIFSU 0493446</u>

That  <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> , as Principal, hereinafter called Contractor, and   <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u> , as Surety, hereinafter called Surety, are held and firmly bound unto  <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u> , as Obligee, hereinafter called Owner, in the amount of  <u>Five Hundred Thousand and 00/100————Dollars (S 500,000.00   )</u>, for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #7, MEP Set Out on 1st Floor, Insulation for 1st Floor, Sheetrock(Installation, Tape and Texture) of 1st Floor, Paint 1st Floor, Tile 1st Floor, Door Frames and Hardware on 1st Floor, Doors and Electronic Locks Installed on all Floors.</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this <u>20th</u> day of <u>April, 2009.</u>

_____                              (Seal)
        (WITNESS)                    By:  <u>TriBuilt Construction Group, LLC</u>


                                         Alan Harrison,           Managing Member(Title)

_____
        (WITNESS)                        <u>International Fidelity Insurance Company</u>
                                     By: _____
                                         Becky Tipton,           Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this 20th day of April 2009

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0493446

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207, as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Five Hundred Thousand and 00/100————————Dollars ($500,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #7, MEP Set Out on 1st Floor, Insulation for 1st Floor, Sheetrock (installation, tape and texture) of 1st Floor, Paint 1st Floor, Tile 1st Floor, Door Frames and Hardware on 1st Floor, Doors and Electronic Locks Installed on all Floors, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 20th day of April, 2009.

_____
(WITNESS)

By: TriBuilt Construction Group, LLC          (Seal)

_____
Alan Harrison,          Managing Member (Title)

_____
(WITNESS)

International Fidelity Insurance Company

By: _____
Becky Tipton,          Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS:  That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON**

**Fort Smith, AR.**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this   20th  day of   April     2009

Assistant Secretary

**IFIC** *Suretyship since 1904*

# International Fidelity
## INSURANCE COMPANY

### PERFORMANCE BOND

KNOW ALL MEN BY THESE PRESENTS:                    **Bond Number    LRIFSU 0493447**

That  **TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917** , as Principal, hereinafter called Contractor, and  **International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207** , as Surety, hereinafter called Surety, are held and firmly bound unto  **NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076** , as Obligee, hereinafter called Owner, in the amount of  **Three Hundred Thirteen Thousand and 00/100——Dollars** (**$ 313,000.00** ), for the payment whereof Contractor and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Contractor has by written agreement dated **August 8, 2008 and Addendum dated November 19, 2008** entered into a contract with Owner for **Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #8, Carpet Installed on All Floors, All Toilet Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed, Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and Touch Up.** in accordance with drawings and specifications prepared by **Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave, Suite B, Fort Smith, Arkansas 72903** which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Contractor shall promptly and faithfully perform said Contract, then this obligation shall be null and void; otherwise it shall remain in full force and effect.

The Surety hereby waives notice of any alteration or extension of time made by the Owner.

Whenever Contractor shall be, and declared by Owner to be in default under the Contract, the Owner having performed Owner's obligations thereunder, the Surety may promptly remedy the default, or shall promptly

(1) Complete the Contract in accordance with its terms and conditions, or

(2) Obtain a bid or bids for completing the Contract in accordance with its terms and conditions, and upon determination by Surety of the lowest responsible bidder, or, if the Owner elects, upon determination by the Owner and Surety jointly of the lowest responsible bidder, arrange for a contract between such bidder and Owner, and make available as Work progresses (even though there should be a default or a succession of defaults under the contract or contracts of completion arranged under this paragraph) sufficient funds to pay the cost of completion less the balance of the contract price; but not exceeding, including other costs and damages for which the Surety may be liable hereunder, the amount set forth in the first paragraph hereof. The term "balance of the contract price," as used in this paragraph, shall mean the total amount payable by Owner to Contractor under the Contract and any amendments thereto, less the amount properly paid by Owner to Contractor.

Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the Contract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.

Signed and sealed this **7th** day of **May, 2009.**

_____
(WITNESS)

By: _____ **TriBuilt Construction Group, LLC**          (Seal)

_____                                      _____
Alan Harrison,                                    Managing Member(Title)

_____
(WITNESS)

**International Fidelity Insurance Company**

By: _____
Becky Tipton,                    Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,**
**JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON**

**Fort Smith, AR.**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the is therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

**CERTIFICATION**

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this    7th    day of    May,    2009.

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSII0493447

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC. P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Three Hundred Thirteen Thousand and 00/100——————Dollars ($313,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 19, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #8, Carpet Installed on All Floors, All Toilet Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed, Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and Touch Up, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:
a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.
b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.
c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

Signed and sealed this 7th  day of May , 2009 .

_____
(WITNESS)

By: ___ TriBuilt Construction Group, LLC        (Seal)

_____
Alan Harrison,        Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company
By: _____
Becky Tipton,        Attorney-In-Fact

(973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

STATE OF NEW JERSEY
County of Essex

INTERNATIONAL FIDELITY INSURANCE COMPANY

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this   7th   day of   May   2009

Assistant Secretary