**PRYOR, ROBERTSON, BEASLEY & SMITH, PLLC**
ATTORNEYS AT LAW
315 NORTH SEVENTH STREET
P.O. DRAWER 848
FORT SMITH, ARKANSAS 72902-0848
www.prbslaw.com

_____ OF COUNSEL

THOMAS E. ROBERTSON, JR.
JOHN R. BEASLEY
GREGORY G. SMITH†
KENNETH W. COWAN††
C. BRIAN MEADORS, F.A.††††
MARK E. FORD †††
AMANDA M. THOMAS

THOMAS B. PRYOR, P.A.

THOMAS B. PRYOR (1889-1952)
THOMAS B. PRYOR, JR. (1904-1955)
G. BYRON DOBBS (1907-1978)
OWEN C. PEARCE (1917-1976)
DONALD P. CALLAWAY (1935-1984)

TELEPHONE (479) 782-8813
FAX (479) 785-0254
SENDER'S E-MAIL: bmeadors@prbslaw.com

VIA EMAIL
re-sent February 23, 2010

Genise W. Teich
International Fidelity Insurance Company
Senior Managing Claims Counsel
One Newark Center, 20th floor
Newark, New Jersey 07102

re:  TriBuilt Construction Group LLC
     Bond LRIFSU0361509-00, old bond LR036150908
     TriBuilt v. NISHA and Centennial Bank, CV 2009-2097, Sebastian County, AR
     PRBS File No. 176,432

Dear Ms. Teich:

This letter follows up my Thursday, February 11, 2010, phone conversation with you. Thank you for speaking with me.

I represent TriBuilt. As you know, TriBuilt constructed a hotel in Conway, Arkansas, for an owner called NISHA. TriBuilt received payment and performance bonds from International Fidelity for this construction.

My understanding is that some of the subcontractors have made claims against the bonds. I do not know if those claims have been paid or not.

NISHA has failed to pay TriBuilt the monies that TriBuilt is owed, and it is a substantial amount. The total exceeds $650k. TriBuilt is suing NISHA (and the Bank that made the loan to NISHA) for these monies, and hired me (and another attorney, Cody Thompson) to do so.

† Also Licensed in California
†† Also Licensed in Oklahoma
††† Also Licensed in Nebraska
†††† Also Licensed in Missouri, Florida, Nevada, Virginia, and Washington, DC



Ex. B
1 of 2

Mr. Thompson's and my fee arrangement with TriBuilt is a contingency arrangement. Our fee will be 24% of the recovery (be it a recovery in the form of payments to TriBuilt or payments to claimants from the job) less costs, with the balance being paid to TriBuilt.

I am writing because of my concern regarding a possible subrogation claim by International Fidelity. To the extent that monies are recovered on TriBuilt's behalf and paid to TriBuilt, it is my position that International Fidelity can make an appropriate claim for reimbursement from those monies. However, if International Fidelity's claim exceeds the net amount recovered for and paid to TriBuilt, then any such claim cannot affect the attorney fee.

An example will show this best. Suppose that International Fidelity properly pays $350k to various claimants. In the lawsuit, TriBuilt recovers $400k. Of that, Mr. Thompson's and my fees and costs are $100k, leaving a $300k balance to be paid to TriBuilt. International Fidelity's subrogation interest would allow it to intercept and receive the $300k that would have been paid to TriBuilt. However, that would leave a $50k shortfall from International Fidelity's perspective. It is my position that the $50k shortfall cannot be paid from the attorney fee award; the attorney fee award, in its entirety, would go to the attorneys.

Time is of the essence in resolving Mr. Thompson's and my concerns; Mr. Thompson and I are proceeding forward in the litigation against NISHA and the Bank and continue to invest substantial time in the case. If we do not hear from you to the contrary in the next ten business days, we will assume that any subrogation claim that International Fidelity has does not include a claim on our fee. If you disagree, please tell me.

Also, in the event you disagree, please suggest an arrangement whereby Mr. Thompson and I can continue to protect your insured's interest by continuing the litigation.

Thank you for consideration.

C. Brian Meadors.

Ex. B
2 of 2