| | |
|---|---|
| From: | "Jack East III" <jeastiii@windstream.net> |
| To: | <cbmeadors@prbslaw.com> |
| Date: | 3/2/2010 9:44 AM |
| Subject: | FW: TriBuilt Construction Group and International Fidelity Insurance Company |

Mr. Meadors,

See below. I got your email address wrong.

Jack East III

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

501.376.0949(fax)

From: Jack East III [mailto:jeastiii@windstream.net]
Sent: Tuesday, March 02, 2010 9:19 AM
To: 'chmeadors@prbslaw.com'
Cc: 'GTeich@ific.com'
Subject: TriBuilt Construction Group and International Fidelity Insurance
Company

Dear Mr. Meadors,

I represent International Fidelity Insurance Company(IFIC) in connection
with your letter request dated February 23, 2010 addressed to Genise Teich.
I tried to contact you this morning by phone but you were not available.
IFIC respectfully requests more information about the litigation between
TriBuilt, NISHA and Centennial Bank. IFIC is very much interested in working
out an arrangement to allow you to pursue Tribuilt's claims, but at the same
time protecting the interests of IFIC and unpaid project subcontractors and
suppliers who may have claims against IFIC's bonds.

When you have a chance to do so, please call me at the number below. At this
time IFIC reserves all rights and defenses. Nothing in this email should be
considered as any kind of admission or waiver.

Jack East III



Ex. C
1 of 26

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

501.376.0949(fax)

Ex. C
2 of 26

**From:**        Brian Meadors
**To:**          Jack East III
**CC:**          Cody Thompson
**Date:**        3/4/2010 4:23 PM
**Subject:**     IFIC / TriBuilt
**Attachments:** 20100304161816722.pdf

Jack,
  Attached is a scan of the letter that I am snail-mailing to you today.

Ex. C
3 of 26

## PRYOR, ROBERTSON, BEASLEY & SMITH, PLLC
### ATTORNEYS AT LAW
315 NORTH SEVENTH STREET
P.O. DRAWER 848
FORT SMITH, ARKANSAS 72902-0848
www.prbslaw.com

OF COUNSEL

THOMAS B. PRYOR, P.A.

THOMAS E. ROBERTSON, JR
JOHN R. BEASLEY
GREGORY O. SMITH†
KENNETH W. COWAN††
C. BRIAN MEADORS, P.A.†††
MARK E. FORD ††
AMANDA M. THOMAS

March 4, 2010

THOMAS PRYOR (retired)
THOMAS B. PRYOR SR. (1944-1955)
G. BYRON DOBBS (1967-1976)
OWEN C. PEARCE (1957-1976)
DONALD P. CALLAWAY (1956-1990)

TELEPHONE (479) 782-8813
FAX (479) 785-0254

SENDER'S E-MAIL: cbmeadors@prbslaw.com

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202

Re:   TriBuilt Construction Group, LLC v. NISHA, LLC and
      Centennial Bank f/k/a Community Bank
      Sebastian County Circuit Court, Fort Smith District
      Case No. CV-2009-20979 (I).   PRBS File No. 176,432

Dear Jack:

This letter follows up our recent phone call. We had discussed my February 23, 2010, letter to Genise Teich. You represent International Fidelity Insurance Company; I represent TriBuilt.

At the conclusion of your phone call, it was my understanding that IFIC was in agreement with my February 23, 2010, letter, but for the sake of clarity you had asked me to send you a letter detailing how any distributions of monies received would be handled.

As we discussed, "monies received," means any monies that are paid by the Bank or by NISHA to my client and/or a subcontractor.

From those distributions, my firm (and my co-counsel, Cody Thompson) are entitled to 24% as our attorney's fees. Costs (e.g., postage, copies, out-of-pocket expenses) will be deducted.

Of the balance, IFIC is next in line and is entitled to be reimbursed any monies that it had to pay pursuant to any of the bonds.

If, after payments to IFIC, any money remains, it will be paid to TriBuilt.

---

† Also Licensed in California
†† Also Licensed in Oklahoma
††† Also Licensed in Nebraska
†††† Also Licensed in Missouri, Florida, Nevada, Virginia, and Washington, DC

Ex. C
4 of 26

March 4, 2010
Jack East
Page Two

    IFIC is in no way liable to my firm or Mr. Thompson for any fees; we represent TriBuilt. IFIC agrees that if, under the distribution plan above, there is not enough money to pay all of IFIC's claims, then IFIC's remedy will be to seek the difference from TriBuilt; IFIC will not make any claim on the monies designated for attorney's fees.

    I hope this accurately sets forth our understanding. Please tell me if it does not.

    Finally, you had asked for a copy of the pleadings. I scanned them onto the enclosed disk.

Sincerely,

PRYOR, ROBERTSON, BEASLEY
& SMITH, PLLC

C. Brian Meadors

CBM:dmc

Enclosure

cc:    TriBuilt Construction (w/out enc.)

Ex. C
S of 26

| | |
|---|---|
| From: | "Jack East III" <jeastiii@windstream.net> |
| To: | "Brian Meadors" <BMeadors@prbslaw.com> |
| CC: | <GTeich@ific.com> |
| Date: | 3/8/2010 10:23 AM |
| Subject: | RE: IFIC / TriBuilt |

Brian,

I don't believe the letter exactly represents our understanding. I need to review the documents on the CD before I commit to anything firm. And if IFIC becomes embroiled in the suit or arbitration it will require reimbursement of the litigation/arbitration expenses as they are incurred. Also, You and your client must understand that IFIC reserves all rights to recover all loss, cost and expense from TriBuilt or any other responsible party, including individual indemnitors. Lastly, while I did not specifically mention this in our conversation, IFIC expects full cooperation from TriBuilt in the investigation and adjustment of the bond claims. Should Genise work through you, or should she contact TriBuilt directly about the claims?

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Thursday, March 04, 2010 4:23 PM
To: jeastiii@windstream.net
Cc: Cody Thompson
Subject: IFIC / TriBuilt

Jack,
  Attached is a scan of the letter that I am snail-mailing to you today.

Ex. C
6.ᒥ26

**From:** Brian Meadors
**To:** Jack East III
**CC:** Cody Thompson; GTeich@Ific.com
**Date:** 3/10/2010 5:08 PM
**Subject:** RE: IFIC / TriBuilt

Genise should contact TriBuilt directly regarding claims.
As for documentation setting forth our understanding, please make whatever edits you like to my letter
and then send it to me for my review. I would like to get the fee issue resolved by next week. Thanks.

>>> "Jack East III" <jeastiii@windstream.net> 3/8/2010 10:23 AM >>>
Brian,

I don't believe the letter exactly represents our understanding. I need to
review the documents on the CD before I commit to anything firm. And if IFIC
becomes embroiled in the suit or arbitration it will require reimbursement
of the litigation/arbitration expenses as they are incurred. Also, You and
your client must understand that IFIC reserves all rights to recover all
loss, cost and expense from TriBuilt or any other responsible party,
including individual indemnitors. Lastly, while I did not specifically
mention this in our conversation, IFIC expects full cooperation from
TriBuilt in the investigation and adjustment of the bond claims. Should
Genise work through you, or should she contact TriBuilt directly about the
claims?

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Thursday, March 04, 2010 4:23 PM
To: jeastiii@windstream.net
Cc: Cody Thompson
Subject: IFIC / TriBuilt

Jack,
   Attached is a scan of the letter that I am snail-mailing to you today.

Ex. C
7 of 26

From:       "Jack East III" <jeastiii@windstream.net>
To:         "'Brian Meadors'" <BMeadors@prbslaw.com>
Date:       3/11/2010 7:41 AM
Subject:    RE: IFIC / TriBuilt

Good Morning Brian,

    I indicated my client was willing to work with you to allow TriBuilt to
pursue its claim and for you to make a fee. Please further recall, however,
that I wanted to review the relevant pleadings first. You sent me some court
pleadings on a CD. Arbitration pleadings were included.
    I also indicated to you that my client expected to recover any loss it
may suffer from someone, whether that be TriBuilt, its owners or the
contract balance in NISHA's hands. Before there can be any agreement or
understanding of any kind between IFIC, TriBuilt, its attorneys and its
owners you must indicate how that will happen. After all, TriBuilt and its
owners have already promised IFIC in the General Agreement of Indemnity to
hold IFIC harmless from all loss, cost and expense, including attorney fees,
arising out of any bonds issued by IFIC for TriBuilt.
    In reviewing the Arbitration pleadings and in discussing the matter with
Mr. Overton and Mr. Stuart I have learned there is an Owner/Obligee claim
for liquidated damages against the retainage of $144,000. I also have been
told that some subcontractor and supplier claims have been paid from
retainage. That leads me to believe the amount due TriBuilt as retainage is
substantially less than the amount claimed. Is this true? Has any retainage
been paid to TriBuilt's subcontractors and suppliers? If so, how much was
paid and to whom? Was there any dispute about those paid claims?
    Please promptly respond with TriBuilt's proposals and answers to the
above questions so that IFIC may work with you to resolve all bond,
subrogation and indemnity issues. Needless to say, IFIC reserves all rights
and defenses. Nothing contained herein or in prior or future conversations
is intended to be any kind of waiver or admission.
    Lastly, I would again urge TriBuilt to furnish Genise Teich with
information she needs to investigate the bond claims.

Sincerely,


Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Wednesday, March 10, 2010 5:08 PM
To: Jack East III
Cc: Cody Thompson; GTeich@ific.com
Subject: RE: IFIC / TriBuilt

Genise should contact TriBuilt directly regarding claims.
As for documentation setting forth our understanding, please make whatever
edits you like to my letter and then send it to me for my review. I would
like to get the fee issue resolved by next week. Thanks.

Ex. C
8 of 26

>>> "Jack East III" <jeastiii@windstream.net> 3/8/2010 10:23 AM >>>
Brian,

I don't believe the letter exactly represents our understanding. I need to
review the documents on the CD before I commit to anything firm. And if IFIC
becomes embroiled in the suit or arbitration it will require reimbursement
of the litigation/arbitration expenses as they are incurred. Also, You and
your client must understand that IFIC reserves all rights to recover all
loss, cost and expense from TriBuilt or any other responsible party,
including individual indemnitors. Lastly, while I did not specifically
mention this in our conversation, IFIC expects full cooperation from
TriBuilt in the investigation and adjustment of the bond claims. Should
Genise work through you, or should she contact TriBuilt directly about the
claims?

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Thursday, March 04, 2010 4:23 PM
To: jeastiii@windstream.net
Cc: Cody Thompson
Subject: IFIC / TriBuilt

Jack,
   Attached is a scan of the letter that I am snail-mailing to you today.

Ex. C
9 of 26

From:        "Jack East III" <jeastIII@windstream.net>
To:          "'Brian Meadors'" <BMeadors@prbslaw.com>
Date:        3/16/2010 11:13 AM
Subject:     IFIC and TriBuilt

Brian,


I wanted to put this in writing rather than a phone call conversation.
International Fidelity Insurance Company(IFIC) proposes the following:


(1) TriBuilt litigation and arbitration to proceed with you as its counsel.
IFIC will not object to your fee of 24% of the gross amount of any recovery
except the undisputed balance of the retainage. That means you get 24% of
any tort recovery in the litigation plus 24% of any change order recovery in
the arbitration plus 24% of any recovery of the liquidated damages being
asserted by NISHA. (I understand NISHA asserts it is entitled to keep
$144,000.00 of the contract balance as liquidated damages.) "Gross amount"
means the total amount recovered, including attorney fees awarded in the
arbitration, but excluding arbitrator and AAA costs and expenses.

(2) After subtracting your fees and expenses all remaining amounts recovered
in court or the arbitration would then be paid, to the extent necessary, to
either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job,
or to IFIC to the extent of its payments to TriBuilt's subcontractors,
suppliers and other bond claimants on the NISHA project or any other IFIC
bonded project on which IFIC suffers a bond loss or losses.

(3) Lastly, but most importantly, a condition of this proposal is that IFIC
be kept out of the court suit and arbitration. Should IFIC be made a party
to either the suit or arbitration this agreement will be null and void. I
think this should be resolved soon in the arbitration. (I also think the
risk of joinder of IFIC in the arbitration proceeding is minimal since the
payment bonds I have seen mandate court proceedings rather than arbitration,
however, I have not seen the performance bonds.)



Please consider the above and let me know your response. Needless to say,
IFIC reserves all right to seek recovery of any and all loss, cost or
expense from TriBuilt. The foregoing proposal is an effort to address the
recovery in the pending litigation and arbitration you are handling only.


Jack East III

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

Ex. C
10 of 26

501.376.0949(fax)

Ex. C
11 of 2

From:       Brian Meadors
To:         Jack East III
CC:         Cody Thompson
Date:       3/16/2010 11:21 AM
Subject:    Re: IFIC and TriBuilt

Jack,
   What do you mean by "undisputed balance of the retainage"? I ask because my client's don't have any of the retainage, so if it is undisputed, I don't understand why we're having to sue for it.
   I have other issues with IFIC's proposal, but will address those later after I receive this clarification.

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:13 AM >>>
Brian,


I wanted to put this in writing rather than a phone call conversation.
International Fidelity Insurance Company(IFIC) proposes the following:


(1) TriBuilt litigation and arbitration to proceed with you as its counsel. IFIC will not object to your fee of 24% of the gross amount of any recovery except the undisputed balance of the retainage. That means you get 24% of any tort recovery in the litigation plus 24% of any change order recovery in the arbitration plus 24% of any recovery of the liquidated damages being asserted by NISHA. (I understand NISHA asserts it is entitled to keep $144,000.00 of the contract balance as liquidated damages.) "Gross amount" means the total amount recovered, including attorney fees awarded in the arbitration, but excluding arbitrator and AAA costs and expenses.

(2) After subtracting your fees and expenses all remaining amounts recovered in court or the arbitration would then be paid, to the extent necessary, to either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job, or to IFIC to the extent of its payments to TriBuilt's subcontractors, suppliers and other bond claimants on the NISHA project or any other IFIC bonded project on which IFIC suffers a bond loss or losses.

(3) Lastly, but most importantly, a condition of this proposal is that IFIC be kept out of the court suit and arbitration. Should IFIC be made a party to either the suit or arbitration this agreement will be null and void. I think this should be resolved soon in the arbitration. (I also think the risk of joinder of IFIC in the arbitration proceeding is minimal since the payment bonds I have seen mandate court proceedings rather than arbitration, however, I have not seen the performance bonds.)


Please consider the above and let me know your response. Needless to say, IFIC reserves all right to seek recovery of any and all loss, cost or expense from TriBuilt. The foregoing proposal is an effort to address the recovery in the pending litigation and arbitration you are handling only.


Jack East III

Ex-C
12 of 26

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

501.376.0949(fax)

Ex. C
13 of 26

| | |
|---|---|
| From: | "Jack East III" <jeastiii@windstream.net> |
| To: | "'Brian Meadors'" <BMeadors@prbslaw.com> |
| CC: | "Cody Thompson" <codythompson@hotmail.com> |
| Date: | 3/16/2010 11:56 AM |
| Subject: | RE: IFIC and TriBuilt |

The undisputed retainage is the contract balance in NISHA's hands after
subtracting liquidated damages from the total retainage. My notes reflect
NISHA has $258,000 in retainage. The "undisputed" retainage would,
therefore, be $114,000. This amount would be paid by NISHA to someone,
regardless of the outcome of the contract disputes between the parties.

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Tuesday, March 16, 2010 11:22 AM
To: Jack East III
Cc: Cody Thompson
Subject: Re: IFIC and TriBuilt

Jack,
   What do you mean by "undisputed balance of the retainage"?  I ask because
my client's don't have any of the retainage, so if it is undisputed, I don't
understand why we're having to sue for it.
   I have other issues with IFIC's proposal, but will address those later
after I receive this clarification.

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:13 AM >>>
Brian,


I wanted to put this in writing rather than a phone call conversation.
International Fidelity Insurance Company(IFIC) proposes the following:


(1) TriBuilt litigation and arbitration to proceed with you as its counsel.
IFIC will not object to your fee of 24% of the gross amount of any recovery
except the undisputed balance of the retainage. That means you get 24% of
any tort recovery in the litigation plus 24% of any change order recovery in
the arbitration plus 24% of any recovery of the liquidated damages being
asserted by NISHA. (I understand NISHA asserts it is entitled to keep
$144,000.00 of the contract balance as liquidated damages.) "Gross amount"
means the total amount recovered, including attorney fees awarded in the
arbitration, but excluding arbitrator and AAA costs and expenses.

(2) After subtracting your fees and expenses all remaining amounts recovered
in court or the arbitration would then be paid, to the extent necessary, to
either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job,
or to IFIC to the extent of its payments to TriBuilt's subcontractors,

Ex. C
14 of 26

suppliers and other bond claimants on the NISHA project or any other IFIC bonded project on which IFIC suffers a bond loss or losses.

(3) Lastly, but most importantly, a condition of this proposal is that IFIC be kept out of the court suit and arbitration. Should IFIC be made a party to either the suit or arbitration this agreement will be null and void. I think this should be resolved soon in the arbitration.  (I also think the risk of joinder of IFIC in the arbitration proceeding is minimal since the payment bonds I have seen mandate court proceedings rather than arbitration, however, I have not seen the performance bonds.)


Please consider the above and let me know your response. Needless to say, IFIC reserves all right to seek recovery of any and all loss, cost or expense from TriBuilt. The foregoing proposal is an effort to address the recovery in the pending litigation and arbitration you are handling only.


Jack East III

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

501.376.0949(fax)

Ex. C
15 of 26

From:       Brian Meadors
To:         Jack East III
CC:         Cody Thompson
Date:       3/16/2010 11:33 AM
Subject:    another clarification - IFIC and TriBuilt

Is there a particular portion of the policy(ies) that IFIC has with TriBuilt that allows IFIC to control or
dictate terms regarding TriBuilt's relationship with TriBuilt's attorneys?  In other words, on what authority
is IFIC making these demands?  If you could forward me that authority / policy language, it would be
helpful in allowing us to respond to your client's proposal.

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:13 AM >>>
Brian,


I wanted to put this in writing rather than a phone call conversation.
International Fidelity Insurance Company(IFIC) proposes the following:


(1) TriBuilt litigation and arbitration to proceed with you as its counsel.
IFIC will not object to your fee of 24% of the gross amount of any recovery
except the undisputed balance of the retainage. That means you get 24% of
any tort recovery in the litigation plus 24% of any change order recovery in
the arbitration plus 24% of any recovery of the liquidated damages being
asserted by NISHA. (I understand NISHA asserts it is entitled to keep
$144,000.00 of the contract balance as liquidated damages.) "Gross amount"
means the total amount recovered, including attorney fees awarded in the
arbitration, but excluding arbitrator and AAA costs and expenses.

(2) After subtracting your fees and expenses all remaining amounts recovered
in court or the arbitration would then be paid, to the extent necessary, to
either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job,
or to IFIC to the extent of its payments to TriBuilt's subcontractors,
suppliers and other bond claimants on the NISHA project or any other IFIC
bonded project on which IFIC suffers a bond loss or losses.

(3) Lastly, but most importantly, a condition of this proposal is that IFIC
be kept out of the court suit and arbitration. Should IFIC be made a party
to either the suit or arbitration this agreement will be null and void. I
think this should be resolved soon in the arbitration.  (I also think the
risk of joinder of IFIC in the arbitration proceeding is minimal since the
payment bonds I have seen mandate court proceedings rather than arbitration,
however, I have not seen the performance bonds.)


Please consider the above and let me know your response. Needless to say,
IFIC reserves all right to seek recovery of any and all loss, cost or
expense from TriBuilt. The foregoing proposal is an effort to address the
recovery in the pending litigation and arbitration you are handling only.


Jack East III

Ex. C
16 of 26

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

501.376.0949(fax)

Ex. C
17 of 26

| From: | "Jack East III" <jeastiii@windstream.net> |
|---|---|
| To: | "'Brian Meadors'" <BMeadors@prbslaw.com> |
| CC: | "'Cody Thompson'" <codythompson@hotmail.com> |
| Date: | 3/16/2010 12:05 PM |
| Subject: | RE: another clarification - IFIC and TriBuilt |

Let me assure you that IFIC is not trying to control TriBuilt's relationship with its attorneys. IFIC is trying protect its own subrogation rights, its common law rights as surety and its rights under the General Agreement of Indemnity(GAI) TriBuilt and its owners signed before the bond were posted. I do not have the GAI but I am sure you could get a copy from the Ft. Smith insurance agency that wrote the bonds for TriBuilt.

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)


-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Tuesday, March 16, 2010 11:33 AM
To: Jack East III
Cc: Cody Thompson
Subject: another clarification - IFIC and TriBuilt

Is there a particular portion of the policy(ies) that IFIC has with TriBuilt that allows IFIC to control or dictate terms regarding TriBuilt's relationship with TriBuilt's attorneys?  In other words, on what authority is IFIC making these demands?  If you could forward me that authority / policy language, it would be helpful in allowing us to respond to your client's proposal.

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:13 AM >>>
Brian,



I wanted to put this in writing rather than a phone call conversation. International Fidelity Insurance Company(IFIC) proposes the following:


(1) TriBuilt litigation and arbitration to proceed with you as its counsel. IFIC will not object to your fee of 24% of the gross amount of any recovery except the undisputed balance of the retainage. That means you get 24% of any tort recovery in the litigation plus 24% of any change order recovery in the arbitration plus 24% of any recovery of the liquidated damages being asserted by NISHA. (I understand NISHA asserts it is entitled to keep $144,000.00 of the contract balance as liquidated damages.) "Gross amount" means the total amount recovered, including attorney fees awarded in the arbitration, but excluding arbitrator and AAA costs and expenses.

(2) After subtracting your fees and expenses all remaining amounts recovered in court or the arbitration would then be paid, to the extent necessary, to

Ex. C
18 of 26

either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job,
or to IFIC to the extent of its payments to TriBuilt's subcontractors,
suppliers and other bond claimants on the NISHA project or any other IFIC
bonded project on which IFIC suffers a bond loss or losses.

(3) Lastly, but most importantly, a condition of this proposal is that IFIC
be kept out of the court suit and arbitration. Should IFIC be made a party
to either the suit or arbitration this agreement will be null and void. I
think this should be resolved soon in the arbitration.  (I also think the
risk of joinder of IFIC in the arbitration proceeding is minimal since the
payment bonds I have seen mandate court proceedings rather than arbitration,
however, I have not seen the performance bonds.)


Please consider the above and let me know your response. Needless to say,
IFIC reserves all right to seek recovery of any and all loss, cost or
expense from TriBuilt. The foregoing proposal is an effort to address the
recovery in the pending litigation and arbitration you are handling only.


Jack East III

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

501.376.0949(fax)

Ex. C
19 of 26

| From: | Brian Meadors |
| To: | Jack East III |
| CC: | 'Cody Thompson' |
| Date: | 3/16/2010 12:10 PM |
| Subject: | RE: IFIC and TriBuilt |

So, if I understand your client's proposal, if we recover the $114,000, which is not being voluntarily paid to us; then the attorney's fees for recovery of that would be zero. Am I understanding that correctly?

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:56 AM >>>
The undisputed retainage is the contract balance in NISHA's hands after subtracting liquidated damages from the total retainage. My notes reflect NISHA has $258,000 in retainage. The "undisputed" retainage would, therefore, be $114,000. This amount would be paid by NISHA to someone, regardless of the outcome of the contract disputes between the parties.

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Tuesday, March 16, 2010 11:22 AM
To: Jack East III
Cc: Cody Thompson
Subject: Re: IFIC and TriBuilt

Jack,
   What do you mean by "undisputed balance of the retainage"?  I ask because my client's don't have any of the retainage, so if it is undisputed, I don't understand why we're having to sue for it.
   I have other issues with IFIC's proposal, but will address those later after I receive this clarification.

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:13 AM >>>
Brian,


I wanted to put this in writing rather than a phone call conversation.
International Fidelity Insurance Company(IFIC) proposes the following:


(1) TriBuilt litigation and arbitration to proceed with you as its counsel.
IFIC will not object to your fee of 24% of the gross amount of any recovery except the undisputed balance of the retainage. That means you get 24% of any tort recovery in the litigation plus 24% of any change order recovery in the arbitration plus 24% of any recovery of the liquidated damages being asserted by NISHA. (I understand NISHA asserts it is entitled to keep $144,000.00 of the contract balance as liquidated damages.) "Gross amount" means the total amount recovered, including attorney fees awarded in the arbitration, but excluding arbitrator and AAA costs and expenses.

Ex. C
20 of 26

(2) After subtracting your fees and expenses all remaining amounts recovered in court or the arbitration would then be paid, to the extent necessary, to either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job, or to IFIC to the extent of its payments to TriBuilt's subcontractors, suppliers and other bond claimants on the NISHA project or any other IFIC bonded project on which IFIC suffers a bond loss or losses.

(3) Lastly, but most importantly, a condition of this proposal is that IFIC be kept out of the court suit and arbitration. Should IFIC be made a party to either the suit or arbitration this agreement will be null and void. I think this should be resolved soon in the arbitration.   (I also think the risk of joinder of IFIC in the arbitration proceeding is minimal since the payment bonds I have seen mandate court proceedings rather than arbitration, however, I not seen the performance bonds.)


Please consider the above and let me know your response. Needless to say, IFIC reserves all right to seek recovery of any and all loss, cost or expense from TriBuilt. The foregoing proposal is an effort to address the recovery in the pending litigation and arbitration you are handling only.


Jack East III

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

501.372.3278

501.376.0949(fax)

Ex. C
21 of 26

From:        "Jack East III" <jeastiii@windstream.net>
To:          "'Brian Meadors'" <BMeadors@prbslaw.com>
Date:        3/16/2010 12:24 PM
Subject:     RE: IFIC and TriBuilt

Brian,

I respectfully disagree with the premise of your question. Payment of the
$114,000 is, I understand, a matter of timing. TriBuilt wants it all right
now plus a bunch of money for change order work. NISHA and bank are seeking
to retain the money until outstanding subcontractor and supplier lien issues
are resolved. You must agree with the fundamental premise that the money is
ultimately owed first to the subcontractors and suppliers. You do agree with
that, don't you?

With that said, if the arbitrator only awards the $114,000 retainage, then
the answer to your question is "yes". (Please also remember that arbitrators
have to provide the basis for their award.)

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Tuesday, March 16, 2010 12:10 PM
To: Jack East III
Cc: 'Cody Thompson'
Subject: RE: IFIC and TriBuilt

So, if I understand your client's proposal, if we recover the $114,000,
which is not being voluntarily paid to us, then the attorney's fees for
recovery of that would be zero.  Am I understanding that correctly?

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:56 AM >>>
The undisputed retainage is the contract balance in NISHA's hands after
subtracting liquidated damages from the total retainage. My notes reflect
NISHA has $258,000 in retainage. The "undisputed" retainage would,
therefore, be $114,000. This amount would be paid by NISHA to someone,
regardless of the outcome of the contract disputes between the parties.

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)

-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Tuesday, March 16, 2010 11:22 AM
To: Jack East III
Cc: Cody Thompson
Subject: Re: IFIC and TriBuilt

*Ex. C*
*22 of 26*

Jack,
   What do you mean by "undisputed balance of the retainage"?  I ask because
my client's don't have any of the retainage, so if it is undisputed, I don't
understand why we're having to sue for it.
   I have other issues with IFIC's proposal, but will address those later
after I receive this clarification.

>>> "Jack East III" <jeastiii@windstream.net> 3/16/2010 11:13 AM >>>
Brian,


I wanted to put this in writing rather than a phone call conversation.
International Fidelity Insurance Company(IFIC) proposes the following:


(1) TriBuilt litigation and arbitration to proceed with you as its counsel.
IFIC will not object to your fee of 24% of the gross amount of any recovery
except the undisputed balance of the retainage. That means you get 24% of
any tort recovery in the litigation plus 24% of any change order recovery in
the arbitration plus 24% of any recovery of the liquidated damages being
asserted by NISHA. (I understand NISHA asserts it is entitled to keep
$144,000.00 of the contract balance as liquidated damages.) "Gross amount"
means the total amount recovered, including attorney fees awarded in the
arbitration, but excluding arbitrator and AAA costs and expenses.

(2) After subtracting your fees and expenses all remaining amounts recovered
in court or the arbitration would then be paid, to the extent necessary, to
either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job,
or to IFIC to the extent of its payments to TriBuilt's subcontractors,
suppliers and other bond claimants on the NISHA project or any other IFIC
bonded project on which IFIC suffers a bond loss or losses.

(3) Lastly, but most importantly, a condition of this proposal is that IFIC
be kept out of the court suit and arbitration. Should IFIC be made a party
to either the suit or arbitration this agreement will be null and void. I
think this should be resolved soon in the arbitration.  (I also think the
risk of joinder of IFIC in the arbitration proceeding is minimal since the
payment bonds I have seen mandate court proceedings rather than arbitration,
however, I have not seen the performance bonds.)


Please consider the above and let me know your response. Needless to say,
IFIC reserves all right to seek recovery of any and all loss, cost or
expense from TriBuilt. The foregoing proposal is an effort to address the
recovery in the pending litigation and arbitration you are handling only.


Jack East III

2725 Cantrell Rd., Ste. 202

Little Rock, AR 72202

Ex. C
23 of 26

501.372.3278

501.376.0949(fax)

Ex. C
24 of 26

From:       Brian Meadors
To:         jeastiii@windstream.net
Date:       3/17/2010 10:05 AM
Subject:    proposed - fee arrangement

I started with the language in your previous email and made modifications.  Here is what we propose.

(1) TriBuilt litigation and arbitration to proceed with Cody Thompson and Brian Meadors ("attorneys") as its counsel. IFIC will not object to a fee of 24% of the gross amount of any recovery.  That means the attorneys get 24% of any tort recovery in the litigation plus 24% of any change order recovery in the arbitration plus 24% of any recovery of the retainage, plus 24% of any costs or attorney's fee award provided by the arbitrator and/or court. "Gross amount" means the total amount recovered, including attorney fees awarded in the arbitration, but excluding arbitrator and AAA costs and expenses.

(2) The attorneys have the right, after the 24% fee is deducted, to be reimbursed for their reasonable expenses.  After subtracting attorney's fees and expenses all remaining amounts recovered in court or the arbitration would then be paid, to the extent necessary, to either the unpaid subcontractors and suppliers of TriBuilt on the NISHA job, or to IFIC to the extent of its payments to TriBuilt's subcontractors, suppliers and other bond claimants on the NISHA project or any other IFIC bonded project on which IFIC suffers a bond loss or losses.

(3) IFIC reserves all right to seek recovery of any and all loss, cost or expense from TriBuilt. The foregoing proposal is an effort to address the recovery in the pending litigation and arbitration that the attorneys are handling only.

Ex. C
25 of 26

From:         "Jack East III" <jeastiii@windstream.net>
To:           "Brian Meadors" <BMeadors@prbslaw.com>
Date:         3/17/2010 1:12 PM
Subject:      RE: proposed - fee arrangement
Attachments:  TriBuiltgai.pdf

Brian,

IFIC does not accept your proposal and respectfully requests you reconsider
its offer made yesterday. Please review the Second and Third paragraphs of
the TriBuilt General Agreement of Indemnity, a copy of which is attached for
your reference. May I also respectfully suggest that reliance on an
insurance treatise is misplaced when the relevant documents are bonds of
suretyship rather than policies of insurance.

Sincerely,

Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
501.372.3278
501.376.0949(fax)


-----Original Message-----
From: Brian Meadors [mailto:BMeadors@prbslaw.com]
Sent: Wednesday, March 17, 2010 10:06 AM
To: jeastiii@windstream.net
Subject: proposed - fee arrangement

I started with the language in your previous email and made modifications.
Here is what we propose.

(1) TriBuilt litigation and arbitration to proceed with Cody Thompson and
Brian Meadors ("attorneys") as its counsel. IFIC will not object to a fee of
24% of the gross amount of any recovery.  That means the attorneys get 24%
of any tort recovery in the litigation plus 24% of any change order recovery
in the arbitration plus 24% of any recovery of the retainage, plus 24% of
any costs or attorney's fee award provided by the arbitrator and/or court.
"Gross amount" means the total amount recovered, including attorney fees
awarded in the arbitration, but excluding arbitrator and AAA costs and
expenses.

(2) The attorneys have the right, after the 24% fee is deducted, to be
reimbursed for their reasonable expenses. After subtracting attorney's fees
and expenses all remaining amounts recovered in court or the arbitration
would then be paid, to the extent necessary, to either the unpaid
subcontractors and suppliers of TriBuilt on the NISHA job, or to IFIC to the
extent of its payments to TriBuilt's subcontractors, suppliers and other
bond claimants on the NISHA project or any other IFIC bonded project on
which IFIC suffers a bond loss or losses.

(3) IFIC reserves all right to seek recovery of any and all loss, cost or
expense from TriBuilt. The foregoing proposal is an effort to address the
recovery in the pending litigation and arbitration that the attorneys are
handling only.

Ex. C
26 of 26