IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRIBUILT CONSTRUCTION GROUP, LLC                              PLAINTIFF

v.                       CASE NO. 10-CV-02052 (JLH)

INTERNATIONAL FIDELITY INSURANCE
COMPANY                                                        DEFENDANT

v.

ALAN M. HARRISON, GAYE P. HARRISON,
JOSEPH E. MARRONE, STACY M. MARRONE,
and SOUTHLAND ENTERPRISES, LLC           THIRD-PARTY DEFENDANTS

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Plaintiff is an Arkansas corporation with its principal place of business in Sebastian County. The Defendant is an insurance company which issued bonds to the Plaintiff as part of the Plaintiff's agreement to construct a hotel in Conway for NISHA, the owner.

The Plaintiff is engaged in litigation with the owner of the project and its bank in an effort to obtain final payment for the hotel pursuant to the contract between the owner and the Plaintiff. Because of the owner's refusal to pay, the Plaintiff was unable to pay all of the subcontractors, and was forced to litigate with the owner and its bank.

Because of the failure of the owner of the project to pay the Plaintiff for its work, the Plaintiff has placed in a severe cash flow situation, and has been unable to pay its attorneys' fees. Because of that, the attorneys and the Plaintiff entered into a tentative contingent fee agreement.

In this matter, the Plaintiff seeks a declaratory judgment that its tentative attorneys' fee agreement is reasonable and should be approved. Moreover, the Plaintiff seeks a declaration that the Defendant be required to honor the Plaintiff's contingent fee arrangement with its attorneys, so that the Plaintiff's attorneys do not have to disgorge fees at a later date.

Even though this case is not a petition to the Court for attorneys' fees, the Plaintiff suggest that cases in which fee petitions have been decided are similar to this case, and provide any appropriate framework within which to decide the reasonableness of the Plaintiff's contingent fee agreement with its attorneys. Particularly, the authorities cited in this brief will demonstrate the reasonableness of the percent of the contingent fee.

At issue here is whether the Plaintiff is free to engage its attorneys on its own terms and have that agreement honored by its bonding company.

## ARGUMENT

**A.   Twenty-four percent or higher is typical in the context of class action settlements.**

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnston v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for

attorney fees: (1) the 'lodestar' methodology (multiplying the hours expended by an attorney's reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the 'percentage of the benefit' approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244-45. Which method to apply is within the district court's discretion. *Id.* Courts have approved the percentage-of-recovery methodology to evaluate attorneys' fees in common-fund settlement class action cases. *In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving an award of 36% of the settlement fund); *Petrovic*, 200 F.3d at 1157 (approving award of 24% of monetary compensation to the class). To recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process. *In Re US Bancorp Litig.*, 291 F.3d at 1038. *Brehm v. Capital Growth Fin., LLC*, 2010 U.S. Dist. LEXIS 9569 (D. Neb. Feb. 4, 2010).

    **B.**    **Twenty-four percent or higher is appropriate for contract/tort "hybrid" litigation.**

A contingency agreement for one-third of all sums recovered is a factor to be considered in determining reasonable fees. *See Phelps v. U. S. Credit Life Ins. Co.*, 340 Ark. 439, 10 S.W.3d 854 (Arkansas Supreme Court approved attorney's fee award based upon a contingency fee arrangement, holding that the trial court properly considered the fact that the plaintiff's attorney took the case on a contingency basis as a factor in arriving at a reasonable fee). The Arkansas courts have approved awards based on contingency fees that exceeded the hourly rate. *See, e.g., Southern Farm Bureau Life Ins. Co. v. Cowger*, 295 Ark. 250, 748 S.W.2d

332 (1988) (awarding one-third contingency fee that was approximately three times the hourly rate); *Home Mut. Fire Ins. Co. v. Jones*, 63 Ark. App. 221, 977 S.W.2d 12 (1998) (awarding 40% contingency fee that was approximately two times the hourly rate). Similarly, it is not uncommon for an award of reasonable attorney's fees to exceed the amount of the judgment, particularly in cases in which every issue was raised by the defense and aggressively litigated. *See, e.g., Perry v. Baptist Health*, 368 Ark. 114, 243 S.W.3d 310 (2006) (award of attorney's fees in amount of $65,000 to defendant hospital reasonable even though plaintiff's $1,000,000 claim was reduced to $26,000 in initial claim, and $4,000 was at issue in counterclaim; case was long and involved legal struggle, which culminated in a jury trial and hospital produced evidence it incurred approximately $100,000 in legal expenses); *TCBY Systems, Inc. v. RSP Co., Inc*. 33 F.3d 925 (8th Cir. 1994) (affirming award of $95,363 in attorney's fees under Ark. Code Ann. § 16-22-308 following five-day trial that resulted in damages award of $ 70,000); *Parker v. Southern Farm Bureau Cas. Ins. Co., 326 Ark. 1073, 935 S.W.2d 556* (1996) (award of attorney's fees five times the sum award approved as reasonable where insured prevailed against automobile insurer on breach of contract claim, but not on related bad faith suit claim, even though amount recovered on breach of contract claim was less than one fifth amount of attorney's fees, where issues were intricately connected and difficult to separate from one another, and matter was vigorously defended on both bad faith and breach of contract issues)." *All-Ways Logistics, Inc. v. USA Truck, Inc*., 2007 U.S. Dist. LEXIS 92037, 37-39 (E.D. Ark. Dec. 4, 2007).

## CONCLUSION

For the reasons stated herein, the Plaintiff is entitled to summary judgment on its claim. The Court should hold Plaintiff's attorneys are entitled to the contingent fee for which they contracted, and that the Defendant be required to honor that contingent fee arrangement so that Plaintiff's attorneys are not required to disgorge fees at a later date.

               Respectfully submitted,

               /s/ Rex M. Terry
               Rex M. Terry
               Arkansas Bar No. 76128
               HARDIN, JESSON & TERRY, PLC
               Attorneys at Law
               5000 Rogers Avenue, Suite 500
               P. O. Box 10127
               Fort Smith, AR  72917-0127
               479-452-2200 - Phone
               479-452-9097 - Fax
               terry@hardinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

 Jack East III, Esq. –  jeastiii@windstream.net
          amandaspc@windstream.net

               /s/ Rex M. Terry