DEPOSITION
EXHIBIT
5

## ADDENDUM TO THE FIXED CONTRACT
DATED October 15, 2008

Addition of Section 9.5 to read as follows:

The above contract price will be divided into 7 work orders which are described below with the designated completion date and value given for each work order.

Work Order #1, Estimated Completion date September 30th, 2008 valued at $110,000.
Items to be completed in this work order include: Site Work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot.

Work Order #2, Estimated Completion date October 31st, 2008 valued at $445,000.
Items to be completed in this work order include: Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot.

Work Order #3, Estimated Completion date November 30th, 2009 valued at $500,000.
Items to be completed in this work order include: Framing through 4th floor and delivery of Materials including trusses, dimensional lumber, decking, sheathing, tyvek, shear wall materials.

Work Order #4, Estimated Completion date December 31st, 2009 valued at $500,000.
Items to be completed in this work order include: Roof Truss installation, Roof Decking, Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of Brick Installed, MEP and Fire Suppression Rough In for 4th Floor, Phone, Data and CCTV Rough on 4th Floor.

Work Order #5, Estimated Completion date January 31st, 2009 valued at $660,000.
Items to be completed in this work order include: Metal Roof Installation, Insulation of 4th Floor, Sheetrock (installation, tape and texture) of 4th Floor, Gypcrete 4th Floor, Paint 4th Floor, Tile 4th Floor, Door Frames and Hardware on 4th Floor, MEP and Fire Suppression Rough In and Set out of 4th Floor, PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed. MEP and Fire Suppression Rough In and Set out for 3rd Floor, Insulation for 3rd Floor, Sheetrock (installation, tape and texture) of 3rd Floor, Gypcrete 3rd Floor, Paint 3rd Floor, Tile 3rd Floor, Door Frames and Hardware on 3rd Floor, Data, Cable and CCTV for 3rd and 4th Floors.

Work Order #6, Estimated Completion date February 28th, 2009 valued at $600,000.
Items to be completed in this work order include: Complete Pool, and EIFS Exterior, MEP and Fire Suppression Rough In and Set out for 2nd Floor, Insulation for 2nd Floor, Sheetrock (installation, tape and texture) of 2nd Floor, Gypcrete 2nd Floor, Paint 2nd Floor, Tile 2nd Floor, Door Frames and Hardware on 2nd Floor. Exterior Lighting, Complete Sidewalks,MEP and Fire Suppression Rough In.

Work Order #7, Estimated Completion date March 31st 2009 valued at $500,000.
Items to be completed in this work order include:  MEP Set Out on 1st Floor, Insulation for 1st Floor, Sheetrock (installation, tape and texture) of 1st Floor, Gypcrete 1st Floor, Paint 1st Floor, Tile 1st Floor,  Door Frames and Hardware on 1st Floor, Doors and Electronic Locks Installed on all Floors.

Work Order #8, Estimated Completion date April 30th, 2009 valued at $313,000.
Items to be completed in this work order include:  Carpet Installed on All Floors, All Toilet
Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed,
Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and
Touch Up.

Each work order will be individually bonded as required in section 9.4, the bonds will be issued
concurrently as each Work Order is completed and will total the full amount of this contract.

WITNESS our hand and seal on this __15th__ day of __October__, 2008.

Signed in the presence of:

_____          _____
Witness                                                              Witness

_____          _____
Contractor Signature - Title                          Owner Signature - Title

A-C

# WORK ORDER #1
## COUNTRY INNS AND SUITES
DATED October 15, 2008

Work Order #1, is authorized to begin, estimated completion date September 30th, 2008 valued at $110,000. Items to be completed in this work order include: Site Work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot.

WITNESS our hand and seal on this _15th_ day of _October_, 20_08_

Signed in the presence of:

_____          _____
Witness                                      Witness

_____          _____
Contractor Signature - Title              Owner Signature - Title

A-0

# WORK ORDER #2
## COUNTRY INNS AND SUITES
DATED October 15, 2008

Work Order #2, is authorized to begin, estimated completion date October 31st, 2008 valued at $445,000. Items to be completed in this work order include: Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab, Form and Pour Parking Lot.

WITNESS our hand and seal on this _15th_ day of _October_, 20_08_

Signed in the presence of:

_____      _____
Witness                         Witness

_____      _____
Contractor Signature – Title    Owner Signature – Title

A.C

Oct. 20. 2008 2:09PM COMMUNITY BANK JACKSONVILLE No. 1516 P. 2

## ADDENDUM TO THE FIXED CONTRACT
DATED October 15, 2008

Section 4.3 of the Fixed Contract shall be amended as follows:

"The Owner will retain a 15% retainage against all Contract draw requests with a cap of $375,000."

WITNESS our hand and seal on this _15th_ day of _October_ , 2008

Signed in the presence of:

_____          _____
Witness                          Witness

_____          _____
Contractor Signature – Title     Owner Signature – Title

Oct. 20. 2008  2:09PM   CL..  .NITY BANK JACKSONVILLE                    No. 1516   P. 3

# AUTHORIZATION TO RELEASE PAYMENT
### DATED October 15, 2008

As per required by the Fixed Contract to build the Country Inns and Suites hotel located at 750 Amity Road, Conway, AR between Nisha, LLC and Tribuilt Construction Group, LLC, dated August 8th, 2008, Nisha, LLC is authorizing the bank of record for this project, Community Bank, to release the final payment due to Tribuilt Construction Group, LLC upon demand by said contractor. Per section 16.3 and 16.2 of the Fixed Contract, the Contractor agrees to supply the Owner and Lender with copies of the Certificate of Occupancy issued by the City of Conway and a satisfactory completion letter from Carlson, Inc that the hotel is complete. Upon receipt of these items, the Contractor will provide full unconditional lien waivers for said project.

WITNESS our hand and seal on this _____15th_____ day of _____October_____, 2008.

Signed in the presence of:

_____          _____
Witness                                                  Witness

_____          _____
Community Bank - Title                            Owner Signature - Title

A. c

DEPOSITION
EXHIBIT
6



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU0361508

## LABOR & MATERIAL PAYMENT BOND
**THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT**

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal, hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u>, as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u>, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of <u>One Hundred Ten Thousand and 00/100————Dollars ($110,000.00 )</u>, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated October 15, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #1, site work, Built and Compact Pad, MEP and Fire Suppression Rough In, Stake Parking Lot</u> in accordance with drawings and specifications prepared by<u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 20th day of October , 2008 .

_____
(WITNESS)

By: **TriBuilt Construction Group, LLC**                    (Seal)

_____
Alan Harrison,        Managing Member(Title)

_____
(WITNESS)

**International Fidelity Insurance Company**

By: _____
Becky Tipton,        Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

> SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
> JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON
>
> Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   20th   day of   October   2008

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU 0361509

## LABOR & MATERIAL PAYMENT BOND
**THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT**

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal,
hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center,
Newark, NJ 07102-5207</u>, as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA,
LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076,</u> as Obligee,
hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of
<u>Four Hundred Forty Five Thousand and 00/100——————Dollars ($445,000.00 )</u>, for the payment
whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and
assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated October
15, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR
72032, Work Order #2, Pour Piers, Set Anchor Bolts, Erect Structural Steel, Form and Pour Slab,
Form and Pour Parking Lot</u> in accordance with drawings and specifications prepared by<u>Humiston
Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by
reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly
made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required
for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in
full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material
or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part
of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined,
who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's
work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such
claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The
Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the
following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last
of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the
amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or
performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope
addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or
served in any manner in which legal process may be served in the state in which the aforesaid project is located save that such service
need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood,
however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall
be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the
Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is
situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive
of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the
amount of such lien by presented under and against this bond.

Signed and sealed this 20th day of October , 2008 .

_____
(WITNESS)

(Seal)

By: __TriBuilt Construction Group, LLC__

_____  Managing member
Alan Harrison,       Managing Member(Title)

_____
(WITNESS)

__International Fidelity Insurance Company__

By: _____
Becky Tipton,       Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this    20th day of    October    2008

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSII 0361511

## LABOR & MATERIAL PAYMENT BOND
### THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
### OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal, hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u>, as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u>, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of <u>Five Hundred Thousand and 00/100——————Dollars ($500,000.00 )</u>, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #3, Framing through 4th Floor and Delivery of Materials including Trusses, Dimensional Lumber, Decking, Sheathing, Tyvek, Shear Wall Materials</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this __25th__ day of __November__, __2008__.

_____
(WITNESS)

_____
(WITNESS)

By: __TriBuilt Construction Group, LLC__ (Seal)

_____
Alan Harrison,     Managing Member(Title)

__International Fidelity Insurance Company__

By: _____
Becky Tipton,     Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS:  That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the   INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this   25th   day of   November   2008

Assistant Secretary

**International Fidelity**
INSURANCE COMPANY

Bond number  LRIFSU 0493439

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Five Hundred Thousand and 00/100————Dollars ($500,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #4, Roof Truss Installation, Roof Decking, Windows Installation, Pre-Rock, Exterior Doors (except storefront), 50% of EIFS Installed, MEP and Fire Suppression Rough In for 4th Floor, Phone, Data and CCTV Rough on 4th Floor, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 29th day of January , 2009 .

_____ (WITNESS)

By: TriBuilt Construction Group, LLC    (Seal)

_____
Alan Harrison,    Managing Member(Title)

_____ (WITNESS)

International Fidelity Insurance Company

By: _____
Becky Tipton,    Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS:  That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT H. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the     INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this  29th  day of  January   2009

Assistant Secretary

 **International Fidelity**
**INSURANCE COMPANY**

Bond number: LRIFSU 0493443

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal,
hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center,
Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA,
LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee,
hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Six
Hundred Sixty Thousand and 00/100————Dollars ($660,000.00 ), for the payment whereof Principal
and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and
severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated August 8, 2008 and Addendum dated
November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road,
Conway, AR 72032, Work Order #5, Metal Roof Installation. (Fourth Floor – Insulation, Sheetrock,
Gypcrete, Paint, Tile Door Frames and Hardware, MEP and Fire Suppression Rough In and Set
out), PTAC Sleeve Installation all Floors, Exterior Store Front Doors Installed, (Third Floor –
Insulation, sheetrock, Gypcrete, Paint, Tile, Door Frames and Hardware), Data, Cable and CCTV
for 3rd and 4th Floors, in accordance with drawings and specifications prepared by Humiston Garrett
Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference
made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall
promptly made payment to all claimants as hereinafter defined, for all labor and material used or
reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise
it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material
or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part
of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined,
who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's
work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such
claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The
Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the
following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last
of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the
amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or
performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope
addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or
served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service
need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood,
however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall
be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the
Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is
situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive
of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the
amount of such lien by presented under and against this bond.

Signed and sealed this  13th  day of  March , 2009 .

_____
(WITNESS)

By:  TriBuilt Construction Group, LLC                    (Seal)

_____
Alan Harrison,        Managing Member(Title)

_____
(WITNESS)

International Fidelity Insurance Company

By:  _____
Becky Tipton,        Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

**SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY, JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON**

**Fort Smith, AR.**

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the   INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this        13th day of     March     2009

Assistant Secretary

**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSU0493444

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal, hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u>, as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076,</u> as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of <u>Six Hundred Thousand and 00/100——————Dollars ($600,000.00 ),</u> for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #6, Complete Pool and EIFS Exterior, (Second Floor – MEP and Fire Suppression Rough In and Set out, Insulation, Sheetrock, Cyncrete, Paint, Tile, Door Frames and Hardware), Exterior Lighting, Complete Sidewalks, MEP and Fire Suppression Rough In,</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this <u>20th</u> day of <u>April</u>, <u>2009</u>.

_____
(WITNESS)

(Seal)

By: <u>TriBuilt Construction Group, LLC</u>

_____
Alan Harrison,         Managing Member(Title)

_____
(WITNESS)

<u>International Fidelity Insurance Company</u>

By: _____
Becky Tipton,         Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
## INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he is the therein described and authorized officer of the   INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.

IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this   20th  day of   April   2009

Assistant Secretary



**International Fidelity**
*INSURANCE COMPANY*

Bond number LRIFSH 0493446

## LABOR & MATERIAL PAYMENT BOND
THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917 as Principal, hereinafter called Principal, and International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207 , as Surety, hereinafter called Surety, are held and firmly bound unto NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of Five Hundred Thousand and 00/100----------Dollars ($500,000.00 ), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated  August 8, 2008 and Addendum dated November 19, 2008 entered into a contract with Owner for Country Inns and Suites, 750 Amity Road, Conway, AR 72032, Work Order #7, MEP Set Out on 1ˢᵗ Floor, Insulation on 1ˢᵗ Floor, Sheetrock (Installation, tape and texture) of 1ˢᵗ Floor, Paint 1ˢᵗ Floor, Tile 1ˢᵗ Floor, Door Frames and Hardware on 1ˢᵗ Floor, Doors and Electronic Locks Installed on all Floors, in accordance with drawings and specifications prepared by Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903 which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the validity hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this 20th  day of April , 2009 .

_____
(WITNESS)

_____
(WITNESS)

(Seal)

By:  TriBuilt Construction Group, LLC

_____
Alan Harrison,                Managing Member (Title)

International Fidelity Insurance Company

By:
_____
Becky Tipton,          Attorney-In-Fact

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

> SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
> JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON
>
> Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said she he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this   20th  day of  April   2009

Assistant Secretary



**International Fidelity**
INSURANCE COMPANY

Bond number  LRIFSU 0493447

## LABOR & MATERIAL PAYMENT BOND
#### THIS BOND IS ISSUED SIMULTANEOUSLY WITH PERFORMANCE BOND IN FAVOR OF THE
#### OWNER CONDITIONED ON THE FULL AND FAITHFUL PERFORMANCE OF THE CONTRACT

KNOW ALL MEN BY THESE PRESENTS:

That <u>TriBuilt Construction Group, LLC, P.O. Box 12021, Fort Smith, Arkansas 72917</u> as Principal, hereinafter called Principal, and <u>International Fidelity Insurance Company, One Newark Center, Newark, NJ 07102-5207</u>, as Surety, hereinafter called Surety, are held and firmly bound unto <u>NISHA, LLC, Andy Patel, Managing Member, 1850 John Harder Drive, Jacksonville, AR 72076</u>, as Obligee, hereinafter called Owner, for the use and benefit of claimants as hereinbelow defined, in the amount of <u>Three Hundred Thirteen Thousand and 00/100———Dollars ($313,000.00)</u>, for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated <u>August 8, 2008 and Addendum dated November 19, 2008</u> entered into a contract with Owner for <u>Country Inns and Suites. 750 Amity Road, Conway, AR 72032. Work Order #8. Carpet Installed on All Floors. All Toilet Accessories, Granite Installation, Front Desk and Reception Counters Installed, FF&E Installed. Landscaping Installed, Remaining Sidewalks and Stamped Concrete Installed, Punch List and Touch Up,</u> in accordance with drawings and specifications prepared by <u>Humiston Garrett Stubbs, PLLC, 4400 Rogers Ave., Suite B, Fort Smith, Arkansas 72903</u> which contract is by reference made a part hereof, and is hereinafter referred to as the Contract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION is such that, if Principal shall promptly made payment to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the Contract.

2. The above named Principal and Surety hereby jointly and severally agree with the Owner that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. The Owner shall not be liable for the payment of any costs or expenses of any such suit.

3. No suit or action shall be commenced hereunder by any claimant:

a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, starting with substantial accuracy in the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located, save that such service need not be made a public officer.

b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

4. The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of mechanics' liens which may be filed of record against said improvement, whether or not claim for the amount of such lien by presented under and against this bond.

Signed and sealed this <u>7th</u> day of <u>May</u>, <u>2009</u>.

_____
(WITNESS)

By: ____ <u>TriBuilt Construction Group, LLC</u>  (Seal)

_____
Alan Harrison,        Managing Member(Title)

_____
(WITNESS)

<u>International Fidelity Insurance Company</u>

By: _____
Becky Tipton,        Attorney-In-Fact

.c1 (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY

HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS: That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing under the laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

SHANNON C. SCHMIDLY, MARTY C. CLARK, SCOTT R. CLARK, THOMAS L. COOLEY,
JANICE A. BUTLER, SAM B. HILLER, LARRY R. CLARK, BECKY TIPTON

Fort Smith, AR.

its true and lawful attorney(s)-in-fact to execute, seal and deliver for and on its behalf as surety, any and all bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof, which are or may be allowed, required or permitted by law, statute, rule, regulation, contract or otherwise, and the execution of such instrument(s) in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.

IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 31st day of August, A.D. 1998.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Vice-President

On this 31st day of August 1998, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the  INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal,
at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Nov. 21, 2005

## CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect

IN TESTIMONY WHEREOF, I have hereunto set my hand this  7th  day of  May  2009

Assistant Secretary



**CARTER WALKER, PLLC**

Russell D. "Davy" Carter III
dcarter@carterwalkerlaw.com

August 27, 2009

DEPOSITION
EXHIBIT

7

PENGAD 800-631-6989

Tri-Built Construction Group, LLC
Ronald W. Metcalf
702 Garrison Avenue
Fort Smith, Arkansas 72902

Re:   Country Inns & Suites, Conway, Faulkner County, Arkansas
      Nisha, LLC

Dear Mr. Metcalf:

This law firm represents Centennial Bank. In its capacity as mortgagee, and pursuant to ARK. CODE ANN. § 18-44-108, Centennial Bank hereby makes application to Tri-Built Construction Group, LLC for the following:

(1)   A list of all parties doing work or furnishing material for a building and the amount due to each of the parties.

Please know that failure to provide a correct list of the parties furnishing material or doing labor on the building and the amount due to each within five (5) business days may be guilty of a violation and upon conviction shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500); and subject to suit in the circuit court of Faulkner County, Arkansas.

Your prompt attention to this matter is appreciated.

Sincerely,

Davy Carter

Ex. 1
(of 1)