UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**TRIBUILT CONSTRUCTION GROUP, LLC**                               **PLAINTIFF**

v.                      **Case No. 10-2052**

**INTERNATIONAL FIDELITY**                                    **DEFENDANT and**
**INSURANCE COMPANY**                                        **COUNTERCLAIMANT**

**INTERNATIONAL FIDELITY**                                       **THIRD PARTY**
**INSURANCE COMPANY**                                              **PLAINTIFF**

v.

**ALAN M. HARRISON, GAYE P. HARRISON,**
**JOSEPH E. MARRONE, STACY M. MARRONE,**                         **THIRD PARTY**
**and SOUTHLAND ENTERPRISES, LLC**                                **DEFENDANTS**

## STATEMENT OF UNDISPUTED FACTS BY DEFENDANT

Comes now defendant, and submits the following material facts not in dispute, which establish plaintiff is not entitled to summary judgment:

1.   International Fidelity Insurance Company (IFIC) is a corporation organized under the laws of New Jersey. Its principal business office is located in New Jersey.

2.   TriBuilt Construction Group, LLC (TriBuilt) is a limited liability company organized under the laws of Arkansas. Its principal business office is in Fort Smith, Arkansas. The owners of TriBuilt are Alan M. Harrison and Joseph E. Marrone.

3.   TriBuilt's principal business activity is acting as general contractor for commercial construction projects.

4.   On or about August 8, 2008 TriBuilt, as prime contractor, entered into a fixed amount contract with NISHA, LLC (NISHA), as owner, to construct a Country Inn and Suites hotel in

Conway, Arkansas in exchange for the sum of $3,628,000.00. A true copy of this contract with "Addenda" is attached as Exhibits 2 and 3 to Ex. F (Harrison dep.) to defendant's Response to Plaintiff's Motion for Summary Judgment (Response). Article 9, section 9.4 required TriBuilt to furnish NISHA with a "performance bond".

5.   TriBuilt applied to IFIC for a performance bond for the NISHA project in a penal sum equal to the construction contract amount. IFIC did not agree to write a $3,628,000.00 bond, however, IFIC did agree to furnish a series of bonds in smaller amounts to be issued upon completion of the work covered by the prior bonded work. IFIC also agreed to furnish "phased" Labor and Material Payment bonds in amounts equal to the performance bonds. True and correct copies of the bonds issued by IFIC are attached to IFIC's Counterclaim as Exhibit 1. After the first Performance and Labor and Material Bond dated October 20, 2008 (Bond No. LRIFSU 0361508) was issued IFIC required NISHA's architect to certify completion of each "phase" - or Work Order - before IFIC furnished the next and subsequent Performance and Labor and Material Payment Bonds. Harrison dep., p. 17 and Ex. 5 to it.

6.   The construction contract also required TriBuilt to furnish NISHA with interim and final lien waivers from TriBuilt's subcontractors and materialmen as a condition of receiving periodic and final payment. TriBuilt furnished NISHA many partial lien waivers as part of the payment process, however, in the summer or fall of 2009, NISHA began receiving notices from some of TriBuilt's subcontractors that they were not being paid.

7.   TriBuilt substantially completed the hotel project on or about August 21, 2009, however, TriBuilt has not received final payment from NISHA. Harrison dep., pp. 19, 20.

8.   In September, 2009 NISHA held $375,000.00 in earned but unpaid funds allegedly

owed TriBuilt, consisting of the "retainage" on the project. Harrison dep., p. 22.

9.   $116,961.08 of the retainage allegedly has been utilized by NISHA to pay three TriBuilt subcontractors who asserted mechanic's liens against the hotel project. Those payments leave $258,038.92 in retainage.

10.   TriBuilt and NISHA were unable to resolve their dispute over the final payment process. NISHA asserted TriBuilt had to furnish final lien waivers from all subcontractors and material suppliers prior to its obligation to make final payment of the retainage. TriBuilt asserted, on the other hand, that NISHA and its lender, Centennial Bank, had to make final payment prior to TriBuilt's obligation to supply final lien waivers by virtue of the October 15, 2008 "Authorization to Release Payment" attached as part of Exhibit A to the Response. TriBuilt also asserted NISHA owed an additional $291,462.12 for "change order" work. NISHA denied liability for the change orders and asserted TriBuilt is liable for $144,000.00 in liquidated damages. Harrison dep., pp. 22-24 and Ex. 9 to it. Ex. B to Response to Motion for Summary Judgment.

11.   On November 4, 2009 TriBuilt sued NISHA and Centennial Bank in the Sebastian County Circuit Court, Fort Smith Division, Case No. CV-2009-2097(I), for breach of contract, seeking damages of $666,462.12 ($375,000.00 retainage plus $291,462.12 in change orders). On December 4, 2009 TriBuilt filed an Amended and Substituted Complaint, adding other claims against both NISHA and Bank. NISHA and Bank responded with Motions to Dismiss, to Transfer and to Compel Arbitration. TriBuilt has not filed or asserted a Mechanic's Lien on the Project in Faulkner County, Arkansas.

12.   On January 12, 2010 the Circuit Court entered an Order compelling arbitration of

TriBuilt's contract claims against NISHA but retaining jurisdiction of TriBuilt's tort claims against NISHA and all TriBuilt claims against Bank. A true copy of this Order is attached as Exhibit A to the Response. On January 3, 2010 NISHA Demanded arbitration with TriBuilt, asserting TriBuilt owed NISHA $275,000.00, including liquidated damages of $144,000.00. A true copy of this Demand is attached as Exhibit B to Response to Plaintiff's Motion for Summary Judgment.

13. Meanwhile, on November 5, 2009 NISHA notified IFIC of over $664,000.00 in potential Payment and Material Bond Claims against the eight bonds furnished by IFIC, as surety. Attached as Exhibit C to the Response is a true copy of NISHA's letter to IFIC with the enclosure, a list of unpaid project bills in excess of $664,000.00.

14. Upon receipt of the Exhibit C letter and list IFIC wrote NISHA a letter requesting NISHA withhold further payment to TriBuilt pending IFIC's investigation. A true copy of this letter is attached as Exhibit D to the Response.

15. Since November 5, 2009 IFIC has received claims from TriBuilt's subcontractors and material suppliers in the sum of $535,607.49. IFIC has paid the sum of $343,460.23 in claims against the payment bonds it furnished NISHA on behalf of TriBuilt. The remaining claims are being processed and investigated. Affidavit of Genise Teich attached as Exhibit G to Response.

16. On April 26, 2010 IFIC made written demand on TriBuilt to deposit all monies received or to be received pursuant to any and all construction contracts bonded by IFIC into a trust account. A true copy of this demand is attached as Exhibit E to the Response.

17. The amount in controversy is at least $75,000.00 since TriBuilt seeks 24% of $660,000.00 as an attorney fee.

18. Paragraph 9 of Plaintiff's Statement of Undisputed Facts should read that the Agreement of Indemnity - not the construction contract - is included in the moving papers as Exhibit "A".

19. Paragraph 10 of Plaintiff's Statement of Undisputed Facts should read that the Contractor (TriBuilt) undisputedly "substantially" completed construction of the hotel. NISHA contends, however, that TriBuilt has not performed certain punch list work.

Respectfully Submitted,

/s/ Jack East III
Jack East III
2725 Cantrell Road, Suite 202
Little Rock, AR 72202
(501) 372-3278
jeastiii@windstream.net
Bar ID No. 75-036

## CERTIFICATE OF SERVICE

I, Jack East III, hereby certify that on June 28, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following counsel of record:

Rex M. Terry, Esq.
5000 Rogers Ave., Suite 500
Fort Smith, AR 72917-0127

/s/Jack East III
Jack East III