UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| **TRIBUILT CONSTRUCTION GROUP, LLC** | **PLAINTIFF** |
| v.   Case No. 10-2052 | |
| **INTERNATIONAL FIDELITY INSURANCE COMPANY** | **DEFENDANT and COUNTERCLAIMANT** |
| **INTERNATIONAL FIDELITY INSURANCE COMPANY** | **THIRD PARTY PLAINTIFF** |
| v. | |
| **ALAN M. HARRISON, GAYE P. HARRISON, JOSEPH E. MARRONE, STACY M. MARRONE, and SOUTHLAND ENTERPRISES, LLC** | **THIRD PARTY DEFENDANTS** |

## STATEMENT OF UNDISPUTED FACTS BY COUNTERCLAIMANT AND THIRD PARTY PLAINTIFF

Comes now International Fidelity Insurance Company, and submits the following material facts not in dispute, which establish it is entitled to summary judgment on the Counterclaim and Third Party Complaint:

1. International Fidelity Insurance Company (IFIC) is a corporation organized under the laws of New Jersey. Its principal business office is located in New Jersey.

2. TriBuilt Construction Group, LLC (TriBuilt) is a limited liability company organized under the laws of Arkansas. Its principal business office is in Fort Smith, Arkansas. The owners of TriBuilt are Alan M. Harrison and Joseph E. Marrone. Gaye P. Harrison is Alan M. Harrison's wife. Stacy M. Marrone is Joseph E. Marrone's wife. Southland Enterprises, LLC is a limited liability company organized under the laws of Arkansas and having its principal place of business in Sebastian County, Arkansas.

3.  TriBuilt's principal business activity is acting as general contractor for commercial construction projects.

4.  On or about August 8, 2008 TriBuilt, as prime contractor, entered into a fixed amount contract with NISHA, LLC (NISHA), as owner, to construct a Country Inn and Suites hotel in Conway, Arkansas in exchange for the sum of $3,628,000.00. A true copy of this contract with "Addenda" is attached as Exhibits 2 and 3 to Ex. F (Harrison dep.) to defendant's Response to Plaintiff's Motion for Summary Judgment (Response). Article 9, section 9.4 required TriBuilt to furnish NISHA with a "performance bond".

5.  TriBuilt applied to IFIC for a construction bond line of credit.

6.  As a condition to the establishment of the construction line of credit for TriBuilt, IFIC required, and TriBuilt's owners, their spouses and affiliate signed and furnished, the Agreement of Indemnity (GAI Form I) attached as Exhibit A to the Complaint. (The Complaint Exhibit A Agreement of Indemnity hereinafter shall be referred to as the GAI.)

7.  Under the GAI, TriBuilt and its owners and affiliate made the following promises to IFIC before, and in consideration of, IFIC's agreement to execute construction bonds as surety for TriBuilt:

### INDEMNITY

> SECOND: **The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and the cost of services rendered by counsel, investigators, accountants, engineers or other consultants, whether consisting of in-house personnel or third party providers) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. The Contractor and Indemnitors shall deposit with the Surety on demand an amount of money or other collateral security acceptable to the Surety,**

> as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore, equivalent to such amount that the Surety, in its sole judgment, shall deem sufficient to protect it from loss. The Surety shall have the right to use the deposit, or any portion thereof, in payment or settlement of any liability, loss, or expense for which the Contractor and Indemnitors would be obligated to indemnify the Surety under the provisions of this Agreement. If for any reason the Surety deems it necessary to increase its reserve to cover any possible additional liability or loss, the Contractor and Indemnitors shall deposit with the Surety, immediately upon the Surety's demand, an additional amount of collateral security equal to such increase. The Surety shall have no obligation to invest or to provide a return on any such deposits....

### SETTLEMENTS

> THIRTEENTH: The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Contractor and the Indemnitors shall demonstrate to the Surety's satisfaction that there is a valid basis to dispute said claim, demand, suit or judgment, and shall in good faith request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

8. In partial reliance upon the GAI, IFIC agreed to execute, and did execute, construction performance and payment bonds as surety for TriBuilt, as principal, in connection with eight work orders issued by NISHA, LLC (NISHA), as obligee, for the phased construction of a Country Inn and Suites in Faulkner County, Arkansas. True copies of these bonds are attached as Exhibit 1 to the original Counterclaim.

9. TriBuilt failed to pay certain of its subcontractors and suppliers for their labor and materials furnished to the Country Inn and Suites construction project (Project) bonded in phases by IFIC.

10. Several of TriBuilt's unpaid Project subcontractors and material and equipment suppliers have filed claims against the Exhibit 1 Bonds. After due investigation, IFIC has been obligated to pay the

total sum of $492,828.57 to the Bond claimants as reflected by Exhibit 2 attached to the Amended Counterclaim and Amended Third Party Complaint.

11. IFIC is entitled to have and recover the sum of $492,828.57 from TriBuilt and the Third Party Defendants under principles of equitable subrogation and under the terms of the GAI.

Respectfully Submitted,

/s/ Jack East III
Jack East III
2725 Cantrell Road, Suite 202
Little Rock, AR 72202
(501) 372-3278
jeastiii@windstream.net
Bar ID No. 75-036

## CERTIFICATE OF SERVICE

I, Jack East III, Attorney at Law, hereby certify that on January 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such to the following counsel of record:

C. Brian Meadors, Attorney at Law
brian@meadorslawfirm.com

/s/Jack East III
Jack East III