## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**TRIBUILT CONSTRUCTION
GROUP, LLC**                                              **PLAINTIFF**

v.                                    **Case No. 10-2052**

**INTERNATIONAL FIDELITY**                    **DEFENDANT and**
**INSURANCE COMPANY**                    **COUNTERCLAIMANT**

**INTERNATIONAL FIDELITY**                        **THIRD PARTY**
**INSURANCE COMPANY**                              **PLAINTIFF**

v.

**ALAN M. HARRISON, GAYE P.**
**HARRISON, JOSEPH E. MARRONE,**
**STACY M. MARRONE, and SOUTHLAND**              **THIRD PARTY**
**ENTERPRISES, LLC**                              **DEFENDANTS**

### BRIEF IN SUPPORT OF DEFENDANT'S
### MOTION FOR SUMMARY JUDGMENT ON THE
### COUNTERCLAIM AND THIRD-PARTY COMPLAINT

### I.
### Introduction

The Court has fully addressed and decided all issues relating to Plaintiff's

Complaint.  Defendant/Counterclaimant and Third Party Plaintiff (IFIC) respectfully

submits it is entitled to Summary Judgment on the Counterclaim and Third Party

Complaint.

### II.
### Factual Background

The undisputed facts are as follows:

a)      Plaintiff (TriBuilt) applied to IFIC for a construction bond line of credit;

b)      IFIC agreed to issue construction bonds, as surety for TriBuilt, if TriBuilt and the Third

Party Defendants (Indemnitors) executed the General Agreement of Indemnity (GAI) attached to

the Complaint as Exhibit 1;

c)      The Indemnitors executed the Complaint Exhibit 1 GAI;

d)      IFIC subsequently issued and delivered eight payment bonds, as surety for TriBuilt, with

respect to the Country Inn and Suites project (Project) in Faulkner County, Arkansas;

e)      TriBuilt failed to pay Project subcontractors and suppliers who then presented claims

against IFIC's bonds;

f)      IFIC has paid TriBuilt's Project subcontractors and suppliers in the total sum of

$492,828.57 as required by IFIC's bonds;

g)      The GAI requires the Indemnitors to indemnify IFIC from all losses resulting from

IFIC's execution of the bonds as follows:

## INDEMNITY

> SECOND:      **The Contractors and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and the cost of services rendered by counsel, investigators, accountants, engineers or other consultants, whether consisting of in-house personnel or third party providers) and from and against any and all such losses and/or expenses which the Surety may sustain and incur:  (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement.  The Contractor and Indemnitors shall deposit with the Surety on demand an amount of money or other collateral security acceptable to the Surety, as soon as liability exists or is asserted against the Surety, whether or not the**

2

> **Surety shall have made any payment therefore, equivalent to
> such amount that the Surety, in its sole judgment, shall deem
> sufficient to protect it from loss....**

h)   The GAI executed by all Indemnitors also provides:

### SETTLEMENTS

> THIRTEENTH:  The Surety shall have the right to adjust, settle or
> compromise any claim, demand, suit or judgment upon the Bonds,
> unless theContractor and the Indemnitors shall demonstrate to the
> Surety's satisfaction that there is a valid basis to dispute said claim,
> demand, suit or judgment, and shall in good faith request the
> Surety to litigate such claim or demand, or to defend such suit, or
> to appeal from such judgment, and shall deposit with the Surety,
> at the time of such request, cash or collateral satisfactory to the
> Surety in kind and amount, to be used in paying any judgment or
> judgments rendered or that may be rendered, with interest, costs,
> expenses and attorneys' fees, including those of the Surety.

## III.
## Standard of Review

Rule 56, Federal Rules of Civil Procedure, authorizes entry of summary judgment when

the pleadings, depositions, affidavits and other matters properly before the Court show that there

is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

of law.  Rule 56(c) provides, in pertinent part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to
> interrogatories, and admissions on file, together with the affidavits, if any, show that
> there is no genuine issue as to any material fact and that the moving party is entitled to a
> judgment as a matter of law.

In *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986) the Supreme Court emphasized the

importance of summary judgment in advancing just, efficient and effective judicial resolutions.

477 U.S. at 327; accord, *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986).

3

## IV.
## Relief Requested

The undisputed facts indicate IFIC is entitled to judgment against TriBuilt Construction Group, LLC, Alan M. Harrison, Gaye P. Harrison, Joseph E. Marrone, Stacy M. Marrone and Southland Enterprises, LLC, jointly and severally, in the sum of $492,828.57 together with judgment interest as allowed by law and the allowed costs of this action.

/s/ Jack East III
Jack East III
2725 Cantrell Rd., Ste. 202
Little Rock, AR 72202
(501) 372-3278
Bar ID No. 75-036
jeastiii@windstream.net

## CERTIFICATE OF SERVICE

I, Jack East III, Attorney at Law, hereby certify that on January 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such to the following counsel of record:

C. Brian Meadors, Attorney at Law
brian@meadorslawfirm.com

/s/ Jack East III
Jack East III

4