```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

TRIBUILT CONSTRUCTION GROUP, LLC                              PLAINTIFF

V.                         No. 2:10-CV-02052

INTERNATIONAL FIDELITY INSURANCE
COMPANY                                                       DEFENDANT

ALAN M. HARRISON, GAYE P.
HARRISON, JOSEPH E. MARRONE,
STACY M. MARRONE, and SOUTHLAND
ENTERPRISES, LLC                                    THIRD-PARTY DEFENDANTS

## O P I N I O N

Currently before the Court is Defendant and Third Party Plaintiff, International Fidelity Insurance Company's ("IFIC") Motion to Set Aside Order of Dismissal and to Enforce Settlement Agreement (Doc. 59) and brief in support (Doc. 60). The time period for response has run with no response being filed by the opposing parties.

Although the Court was informed by the parties that a settlement agreement had been reached in March of this year, it now appears that no agreement was actually consummated by the parties. IT APPEARING to the Court that no settlement agreement was ever effectuated by the parties herein, the Court hereby VACATES its Order dated April 1, 2011 (Doc. 58) dismissing IFIC's claims with prejudice. The above-captioned action is, therefore, REOPENED. Since no agreement was ever reached by the parties, the Court DENIES IFIC's Motion to the extent that it requests enforcement of the settlement agreement.

Having thus restored the case to its active docket, the Court will immediately address IFIC's pending Motion for Summary Judgment on the Counterclaim and Third-Party Complaint. (Doc. 46) The Motion was ripe for ruling at the time the Court entered its order dismissing the remaining claims, and thus, remains ripe for ruling upon the instant reopening of the case. For the reasons set forth below, the Court finds that ISIC's Motion for Summary Judgment should be GRANTED.

IFIC filed its Motion for Summary Judgment on January 13, 2011. On January 31, 2011, Counter-Defendant Tribuit Construction Group, LLC ("Tribuilt") and Third Party Defendants Alan M. Harrison, Gaye P. Harrison, Joseph E. Marrone, Stacy M. Marrone, and Southland Enterprises, LLC were granted an extension of time, to February 24, 2011, to file a response. On February 7, 2011, the Court granted a motion for counsel representing Tribuilt and the Third Party Defendants to withdraw. (Doc. 54). In that same Order, Tribuilt and the Third Party Defendants were instructed to notify the Court by February 22, 2011 of their intentions to hire new counsel. No such notification was received by the deadline. On February 24, 2011, the case was reassigned to the undersigned. The Court then extended the deadline for Tribuilt and the Third Party Defendants to notify the Court of their intention, *ordering* that such notification be provided by March 18, 2011. (Doc. 56). The extended deadline passed again with no notification having been made to the Court. Before the Court entered any further orders, the

parties informed that they had reached a settlement. Relying upon such information, the Court entered an Order dismissing the remaining claims with prejudice. (Doc. 58).

During the time that the action progressed, the extended deadline for Tribuilt and the Third Party Defendants to respond to IFIC's Motion for Summary Judgment passed with no response having been filed. The Court, then, views IFIC's Motion for Summary Judgment as unopposed. The Court notes, further, that the failure of the opposing parties to comply with the Court's orders regarding notification could have resulted in a default judgment being entered against them. In fact, both Tribuilt and Southland Enterprises, LLC were technically in default when they failed to obtain substitute counsel, as the law does not allow a corporation or other business entity to proceed *pro se*. *Fingerhut Corp. V. Ackra Direct Mktg. Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those

facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1998) (citing *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983)*.* In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

In its Motion for Summary Judgment, IFIC claims that there is no genuine dispute of material fact that the General Agreement of Indemnity ("GAI") executed by Tribuilt and the Third Party Defendants required those parties to indemnify IFIC from all losses resulting from IFIC's execution of eight payment bonds, issued by IFIC as surety for Tribuilt with respect to the Country Inn and Suites project in Faulkner County, Arkansas. Upon review of the relevant provision of the GAI, it appears to the Court that Tribuilt and the Third Party Defendants were, in fact, required to indemnify IFIC from losses resulting from IFIC's execution of the aforementioned bonds. Tribuilt and the Third Party Defendants have produced no evidence in response to IFIC's Motion and, therefore, no genuine issue of material fact has been raised as to IFIC's counterclaim and claims contained in its third party complaint. Indeed, in their Answer to the Third Party Complaint, the Third Party Defendants admitted the allegations contained in the Complaint, only reserving the right to challenge the exact amount

and to demand that IFIC obtain lien waivers from all subcontractors paid. (Doc. 45). There being no genuine issues of material fact, summary judgment in this case is appropriate.

Accordingly, upon VACATING its previous Order (Doc. 58) and REOPENING the instant matter, the Court finds that IFIC's Motion for Summary Judgment on the Counterclaim and Third-Party Complaint (Doc. 46) should be, and hereby is GRANTED. IFIC is entitled to judgment against Tribuilt Construction Group, LLC, Alan M. Harrison, Gaye P. Harrison. Joseph E. Marrone, Stacy M. Marrone, and Southland Enterprises, LLC, jointly and severally, for the sum of $492,828.57. The Court will enter judgment for IFIC in this amount. The parties are to bear their own costs and fees.

IT IS SO ORDERED this 13th day of June, 2011.

/s/ Paul K. Holmes, III
**Paul K. Holmes, III**
**UNITED STATES DISTRICT JUDGE**